```
     JC4AAPETC                      Conference

 1   UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x

 3   UNITED STATES OF AMERICA,

 4            v.                              19 CR 850 (JSR)

 5   PARKER H. PETIT and WILLIAM
     TAYLOR,
 6
                  Defendants.
 7
     ------------------------------x
 8
                                              New York, N.Y.
 9                                            December 4, 2019
                                              11:15 a.m.
10

11   Before:

12                       HON. JED S. RAKOFF,

13                                        District Judge

14
                              APPEARANCES
15
     GEOFFREY S. BERMAN
16        United States Attorney for the
          Southern District of New York
17   EDWARD IMPERATOR
     DAVID TRACER
18   SCOTT HARTMAN
          Assistant United States Attorney
19
     FRESHFIELDS
20        Attorneys for Defendant Petit
     ERIC BRUCE
21
     QUINN EMANUEL
22        Attorneys for Defendant Taylor
     WILLIAM BURCK
23   WILLIAM WEINREB
     MICHAEL CARLINSKY
24

25
```

JC4AAPETC                       Conference

1           (Case called)
2           MR. IMPERATORE:  Good morning, your Honor.
3           Edward Imperatore, David Tracer and Scott Hartman, for
4    the government.
5           THE COURT:  Good morning.
6           MR. BRUCE:  Good morning, your Honor.
7           Eric Bruce, on behalf of Mr. Parker Petit, who is to
8    my right
9           THE COURT:  Good morning.
10          MR. BURCK:  Good morning, your Honor.
11          William Burck, with my colleagues Bill Weinreb and
12   Michael Carlinsky, for Mr. Taylor who is present, your Honor.
13          THE COURT:  Good morning.
14          Before we get down to business so to speak, there's a
15   question of whether Mr. Taylor has waived any objection to
16   representation by Quinn Emanuel in light of the fact, so I
17   understand that Quinn Emanuel represented both defendants at an
18   earlier stage of these matters.
19          So let me ask Mr. Taylor, are you satisfied with the
20   services of Quinn Emanuel so far?
21          THE DEFENDANT:  Yes, I was, your Honor.
22          THE COURT:  Notwithstanding, their incredibly high --
23   (inaudible).
24          Are you aware that Quinn Emanuel previously
25   represented Mr. Petit in this matter as well as yourself?

JC4AAPETC                        Conference

1                THE DEFENDANT:  Yes, your Honor.

2                THE COURT:  Do you understand that the fact that Quinn

3    Emanuel previously represented Mr. Petit may mean that some

4    conceivable situations they might be forced to put his

5    interests above yours?

6                THE DEFENDANT:  That is my understanding, sir.

7                THE COURT:  Specifically, do you understand that if

8    Mr. Petit were to testify in this case and if Quinn Emanuel

9    would be limited in its ability to ask questions on

10   cross-examination that could be damaging to his credibility or

11   favorable to his defense but that might not be able to be asked

12   because of their prior representation; do you understand that

13   possibility exists?

14               THE DEFENDANT:  Yes, your Honor.

15               THE COURT:  Also, do you understand that Quinn Emanuel

16   may be limited in making certain arguments at trial on your

17   behalf because of their continuing duty to Mr. Petit,

18   notwithstanding, that they currently represent him; do you

19   understand that?

20               THE DEFENDANT:  Yes, your Honor.

21               THE COURT:  Do you understand that Quinn Emanuel's

22   duty and loyalties to Mr. Petit may limit the firm's ability to

23   advise you regarding the merits and demerits of cooperating

24   with the government in this case; do you understand that

25   possibility exists?

1           THE DEFENDANT:  Yes, your Honor.

2           THE COURT:  Do you understand that more generally
3    there's just the possibility that their representation of you
4    may be in some way which may not even be foreseeable at this
5    time that might impact their ability to represent you and you
6    alone to the fullest extent; do you understand that possibility
7    exists?

8           THE DEFENDANT:  Yes, your Honor.

9           THE COURT:  Do you understand that in every criminal
10   case, including this one, you have a right to the assistance of
11   counsel whose loyalty to you is totally undivided; do you
12   understand you have that right?

13          THE DEFENDANT:  Yes, your Honor.

14          THE COURT:  Have you had the opportunity or do you
15   wish if you haven't had the opportunity, do you wish the
16   opportunity to consult with an independent counsel before
17   deciding whether or not to waive any conflict?

18          THE DEFENDANT:  I have already, your Honor, this
19   morning.

20          THE COURT:  Very good.  And after considering all that
21   we've discussed, are you prepared to waive any conflict and do
22   you wish to continue with Quinn Emanuel as your attorney?

23          THE DEFENDANT:  Yes.

24          THE COURT:  All right.  The government provided me
25   with a litany of questions, not all of which I thought were

1    appropriate.  But is there any question that the government

2    wished me to ask that I haven't asked that you are dying to

3    have me ask?

4             MR. IMPERATORE:  No, your Honor.

5             THE COURT:  Very good.  All right.  So I think Quinn

6    Emanuel can continue as counsel for Mr. Taylor.

7             So let's turn to the arraignment.  Let me ask each

8    defense counsel for respective parties whether their clients

9    have met and discussed with them the indictment in this case?

10            MR. BRUCE:  Yes, we certainly have, your Honor.

11            MR. BURCK:  Yes, your Honor, we have.

12            THE COURT:  Do you wish to have the indictment read

13   again here in open court which would only take about two hours

14   or do you waive the public reading?

15            MR. BRUCE:  We will waive its public reading.

16            MR. BURCK:  We do also.

17            THE COURT:  Do you wish a plea of not guilty be

18   entered at this time?

19            MR. BRUCE:  Yes, your Honor.  Thank you.

20            MR. BURCK:  Yes, your Honor.

21            THE COURT:  All right.  So how long does the

22   government want to complete discovery?

23            MR. IMPERATORE:  Your Honor, the government has

24   already produced a vast majority of discovery in this case and

25   made that production to the defendants late in the day

JC4AAPETC                       Conference

1  yesterday.  There is only a relatively small volume of
2  discovery that remains.  Out of an abundance of caution we
3  would ask for two weeks.  Although, I am confident that we can
4  produce it much more quickly than that.
5           THE COURT:  That's fine.  So that would be all
6  discovery to be completed by December 18.  How long after that
7  do defense counsel want to make any motions?
8           MR. BRUCE:  Your Honor, as you pointed out, I'm still
9  relatively new to the case having just come in, so I would
10 request six weeks after the completion of discovery to file
11 motions.
12          THE COURT:  How many lawyers in your firm?
13          MR. BRUCE:  In my firm there's quite a few, your
14 Honor.
15          THE COURT:  Yes.  And if your firm were hired to
16 defend a hostile takeover for example, that had to have
17 numerous depositions 24 hours hence, your firm would say "we
18 can do it".  So why do you need six weeks?
19          MR. BRUCE:  Your Honor, it's really for me personally
20 to review the materials and learn the case.  Certainly, we have
21 the resources.  Freshfields is a large firm as you know.  So
22 that was my proposal.  But we are committed to defending
23 Mr. Petit in this matter and if your Honor wanted to set a
24 shorter schedule, we'll meet that obviously.
25          THE COURT:  OK.

1           MR. BURCK:  We'll defer to the Court.

2           THE COURT:  All right.  So I think and I do --

3    normally, I would give two weeks.  We have the holidays and new

4    counsel.  So I think four weeks is appropriate.  So let's see.

5    So let's look at January 23 at two o'clock.  That's the date

6    for the next conference.  All motions have to be filed by

7    January 22, the day before.  If those motions can be -- they

8    will be at that conference, we need to set a time for the

9    government to have a written response.  We'll set it then and

10   normally that's going to set the trial date but I think maybe

11   you should set the trial date now.

12          How long a trial does the government have in mind?

13          MR. IMPERATORE:  Your Honor, the government would

14   estimate its case to be in the ballpark of four weeks

15   approximately.

16          THE COURT:  OK.  And I know defense counsel are not

17   yet in the same position to assess.

18          MR. BRUCE:  It's hard for me to assess, your Honor,

19   the government's case in chief but there are quite a few

20   documents.  It does appear to be a document heavy case.  So it

21   sounds to be in the ballpark.

22          MR. BURCK:  Your Honor, we agree.  And we do

23   anticipate to put on a defense, so we don't know yet how long

24   but probably a week or two.

25          MR. BRUCE:  And the same for Mr. Petit.  We will be

JC4AAPETC                         Conference

1     putting on a defense case.
2              THE COURT:  Yes.  So my experience is that the
3     government usually overestimates by about two hundred percent.
4     Defense counsel may be somewhat similarly.  But I would put
5     aside four weeks for the trial because if it goes longer, it
6     goes longer.
7              What days are counsel not available in May and June?
8              MR. BURCK:  Your Honor, I have a trial in the Eastern
9     District of Virginia in Norfolk.  It begins on May 27.  The
10    government -- actually, the Court has basically said we need to
11    be done by June 22.  I think it'll be done before that.  But
12    that window isn't possible for me.
13             THE COURT:  OK.  How about counsel for the other
14    defendant?
15             MR. BRUCE:  I'm available, your Honor.
16             THE COURT:  All right.  So let's look.  Your case will
17    be over no matter what by end of May.
18             MR. BURCK:  By the end of the third week of June, your
19    Honor.
20             THE COURT:  When is the trial supposed to start.
21             MR. BURCK:  May 27.  Then it's supposed to be over,
22    the Court has told us that she expects the case to be finished
23    no later than June 22.
24             THE COURT:  I see.  OK.  So Tuesday, July 7.
25             MR. IMPERATORE:  I think we were hoping for an earlier

1    trial date but --
2            THE COURT:  If we're going to do it in July then I'm
3    going to advise all lawyers here that that date will be set in
4    stone if God forbid you get another trial, too bad.  Your
5    partner will have to try the case.  He's been around.  Because
6    I agree with the government that's a lengthy period of time to
7    wait.  I will accommodate you but I don't want anyone
8    suggesting any adjournment in this case.  I will not entertain
9    such a suggestion.
10           Is that understood?
11           MR. BURCK:  Yes, your Honor.
12           MR. BRUCE:  Yes, your Honor.
13           THE COURT:  Very good.  All right.  So July 7th and
14   pursuant to Section 3161 of Title 18, I will exclude from
15   calculations under the Speedy Trial Act all time between now
16   and July 7 finding such time is necessary for the drafting and
17   resolving of any motions and/or the accommodation of counsel's
18   other commitments and for those and other reasons, the best
19   interests of justice or for excluding such time substantially
20   outweigh the interests of the public and the defendant in a
21   speedy trial.
22           Anything else we need to take up today?
23           MR. IMPERATORE:  Your Honor, the parties have agreed
24   upon a protective order for discovery and it has been signed by
25   the parties.  I can hand it up to your Honor's deputy clerk.

1          THE COURT:  Yes.

2          (Pause)

3          THE COURT:  All right.  So this order appears in
4  proper form including the notation on page three in quotes
5  "remainder of page intentional left blank".  And so I will sign
6  the case management -- excuse me -- the protective order and it
7  will be filed and therefore available to both sides.

8          OK.  Anything else we need to take up today?

9          MR. WEINREB:  Yes.  Good morning, you Honor.

10         I'm William Weinreb.  I and my colleague, Michael
11  Packard, have motions for admission pro hac vice pending before
12  the Court.  We would ask that that be granted.

13         THE COURT:  When did you submit this?

14         MR. WEINREB:  We submitted them a couple days ago.
15  They have been reviewed and approved two days ago.

16         THE COURT:  Yes.  I'll take care of that later today.

17         MR. BRUCE:  Your Honor, one more thing.  Mr. Petit is
18  currently battling what his doctor refers to as high-grade
19  bladder cancer.  So he's been battling it for about a year and
20  a half.  He recently had cancerous lesions removed from his
21  bladder on October 7th.  He is undergoing intravesical
22  immunotherapy and chemotherapy related to that.  It's
23  impossible for any of us to predict what his health will be in
24  July but I just didn't want to spring this on the Court on the
25  first day of trial.  There may well be doctor's appointments

JC4AAPETC                       Conference

1    that would be obviously important to Mr. Petit's health during
2    that timeframe.
3              THE COURT:  Yes.  And I'm very glad you brought that
4    to my attention.
5              Where is he located?
6              MR. BRUCE:  Outside of Atlanta, Georgia where his
7    treating physician is.
8              THE COURT:  So to the extent I hope that everything
9    goes very well we don't have to worry about this but to the
10   extent that a doctor's appointment has to be scheduled for
11   after the trial starts or something like that, obviously, a
12   Monday or Friday would be preferable so that we don't interfere
13   with the jury's excessive --
14             MR. BRUCE:  He generally does see his doctor on
15   Fridays, so that my fit well.
16             THE COURT:  All right.  If he's got an appointment the
17   with his doctor on Friday then the doctor may actually see him
18   by Sunday.
19             All right.  Anything else we need to take up today?
20             MR. IMPERATORE:  Not from the government.
21             MR. BRUCE:  No, your Honor.  Thank you.
22             MR. BURCK:  No, your Honor.  Thank you very much.
23             MR. WEINREB:  No, your Honor.  Thank you very much.
24             (Adjourned)
25