**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
DENVER REGIONAL OFFICE
BYRON G. ROGERS FEDERAL BUILDING
1961 STOUT STREET, SUITE 1700
DENVER, COLORADO 80249-1961



February 4, 2020

**Via Electronic Mail**
The Honorable Jed Rakoff
United States District Judge
United States District Court for the
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/10/20
```

Re:  *SEC v. Parker Petit and William Taylor*, 19 Cr. 850 (JSR)

Dear Judge Rakoff:

The United States Securities and Exchange Commission ("SEC") submits this letter in response to Defendants' January 30, 2020 letter responding to this Court's January 23, 2020 Order regarding the submission of interrogatories to the Government and the SEC in the criminal matter *United States v. Parker H. Petit & William Taylor*, 19 Cr. 850 (JSR). First, because the SEC is not a party to this criminal case, it does not comment on the propriety of serving interrogatories in a criminal case. Second, the SEC seeks to make clear that it did not direct the MiMedx internal investigation that is at issue in this case, nor did it direct or advise the individuals responsible for that internal investigation.

With respect to the specific proposed interrogatories, the SEC lodges the following objections:

1. The SEC objects to the Definition of Internal Investigation as vague, ambiguous, and beyond the narrow, limited interrogatories discussed by the Court at the hearing, in referring to "any investigation initiated by MiMedx and/or its Audit Committee in response to any MiMedx Allegations," because the SEC does not know whether there were internal investigations conducted by MiMedx aside from the investigation it announced in a press release on February 20, 2018. For the same reasons, the SEC has

the same objections to interrogatories 1, 3, and 4-6, to the extent that they seek information concerning "any particular step in connection with any Internal Investigation."

2. The SEC further objects to the Relevant Time Period set forth in the Instructions as April 1, 2017 to January 24, 2020. The SEC understands Defendants' argument to be that the Department of Justice and/or the SEC may have directed MiMedx's internal investigation that led to the preparation of a white paper by Defendants prepared on September 10, 2018. To the extent the interrogatories require responses beyond the date the white paper was prepared, they go beyond the narrow, limited interrogatories discussed by the Court at the hearing, are unduly burdensome, and are not proportional to the needs of the case.

3. The SEC further objects to interrogatories 1, 2, and 3 asking if the SEC "suggested, or encouraged" MiMedx or any of its personnel to undertake any particular step in connection with any Internal Investigation because those terms are vague, ambiguous, overbroad, unduly burdensome, and, as a result, the interrogatory is not proportional to the needs of the case. The SEC does not object to the terms "directed" or "advised" in those interrogatories because the SEC is capable of knowing if it did or did not direct or advise. However, as a governmental agency investigating a public company, and making this investigation known through, for example, issuing subpoenas, it cannot know how or whether these actions may have "suggested" or "encouraged" conduct to take place.

4. The SEC further objects that the interrogatories go beyond the narrow, limited interrogatories discussed by the Court at the hearing, are unduly burdensome, and are not proportional to the needs of the case because they are not limited to seeking information about investigative steps directly related to Defendants Petit and Taylor.

By asserting these limited objections in this case, the SEC does not waive any objections or concede the relevance of any discovery in any other matter. In fact, the SEC seeks to make clear that it was provided limited time to formulate objections and that it might well have additional objections were the same interrogatories propounded in the civil case. However, consistent with its understanding of the Court's oral ruling, and the spirit of that Order, the SEC has done its best to lodge narrow objections to assist the Court in ruling on the motion before it in an expedited manner.

Respectfully submitted,

By: /s/ Stephen C. McKenna
Stephen C. McKenna
Mark L. Williams
Securities and Exchange Commission
1961 Stout Street, Suite 1700
Denver, CO 80294
(303) 844-1000
mckennas@sec.gov
williamsml@sec.gov