UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
UNITED STATES OF AMERICA,                    :
                                             :
            - v.-                            :        19 Cr. 850 (JSR)
                                             :
PARKER H. PETIT and                          :
WILLIAM TAYLOR,                              :
                                             :
                Defendants.                  :
------------------------------------------------------------------x

**<u>GOVERNMENT'S REQUESTS TO CHARGE</u>**

                                        AUDREY STRAUSS
                                        Acting United States Attorney for the
                                        Southern District of New York
                                        Attorney for the United States of America

Edward Imperatore
Scott Hartman
Daniel Tracer
Assistant United States Attorneys
        - Of Counsel -

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

UNITED STATES OF AMERICA, :

                               :

        - v.– : 19 Cr. 850 (JSR)

                               :

PARKER H. PETIT and :

WILLIAM TAYLOR, :

                               :

               Defendants. :

-------------------------------------------------------------x

## <u>GOVERNMENT'S REQUESTS TO CHARGE</u>

       Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government

respectfully requests the Court to include the following in its charge to the jury.

## TABLE OF CONTENTS

**Page**

General Requests .............................................................................................................. 1

The Indictment ................................................................................................................. 2

Summary of Indictment ................................................................................................... 3

Count One: The Indictment and the Statute...................................................................... 5

Count One: Conspiracy – Elements of the Conspiracy ..................................................... 7

Count One: Conspiracy – First Element – Existence of the Conspiracy ........................... 8

Count One: Conspiracy – Objects of the Conspiracy ...................................................... 12

First Object – Securities Fraud ....................................................................................... 13

Second Object – Making False Statements in SEC Filings .............................................. 14

Elements........................................................................................................................ 14

First Element – Required Filings .................................................................................... 15

Second Element – Material Falsity ................................................................................. 15

Third Object – Misleading the Conduct of Audits.......................................................... 17

Count One: Conspiracy – Second Element – Membership in the Conspiracy .................. 18

Count One: Conspiracy – Third Element – Overt Acts ................................................... 21

Count One: Conspiracy – Time of Conspiracy................................................................ 23

Count Two: Securities Fraud – The Indictment and the Statute...................................... 24

Count Two: Securities Fraud – Statutory Purpose.......................................................... 26

Count Two: Securities Fraud – Elements of the Offense ................................................ 28

Count Two: First Element – Fraudulent Act................................................................... 29

Count Two: Second Element – Knowledge, Intent and Willfulness ................................ 35

Count Two: Third Element – Instrumentality of Interstate Commerce............................ 37

Conscious Avoidance..................................................................................................... 39

Aiding and Abetting....................................................................................................... 41

Willfully Causing a Crime ............................................................................................. 44

Venue ............................................................................................................................ 46

Accomplice Witnesses ................................................................................................... 47

Law Enforcement and Government Employee Witnesses ............................................................ 50

Expert Witnesses .................................................................................................................... 51

Character Testimony ............................................................................................................... 52

Defendant's Testimony ........................................................................................................... 53

Defendant's Right Not to Testify ............................................................................................ 54

Statements of the Defendants .................................................................................................. 55

Uncalled Witnesses – Equally Available to Both Sides ............................................................ 56

Particular Investigative Techniques Not Required ................................................................... 57

Persons Not on Trial ............................................................................................................... 58

Preparation of Witnesses ........................................................................................................ 59

Charts and Summaries – Not Admitted As Evidence ............................................................... 60

Charts and Summaries – Admitted as Evidence ...................................................................... 61

Use of Audio Recordings and Transcripts ............................................................................... 62

Stipulations ............................................................................................................................ 63

Conclusion ............................................................................................................................. 64

**REQUEST NO. 1**

**General Requests**

The Government respectfully requests that the Court give its usual instructions to the jury

on the following matters:

a.  Function of Court and Jury.

b.  Indictment Not Evidence.

c.  Statements of Court and Counsel Not Evidence.

d.  Burden of Proof and Presumption of Innocence.

e.  Reasonable Doubt.

f.  Government Treated Like Any Other Party.

g.  Definitions, Explanations, and Example of Direct and
    Circumstantial Evidence.

h.  Inferences.

i.  Credibility of Witnesses.

j.  Right to See Exhibits and Have Testimony Read During Deliberations.

k.  Sympathy: Oath of Jurors.

l.  Punishment is Not to Be Considered by the Jury.

m.  Verdict of Guilt Must Be Unanimous.

**REQUEST NO. 2**

**The Indictment**

The defendants, PARKER H. PETIT and WILLIAM TAYLOR, have been formally charged in what is called an Indictment.  An Indictment is simply an accusation.  It is no more than the means by which a criminal case is started.  It is not evidence.  It is not proof of the defendant's guilt.  It creates no presumption, and it permits no inference that the defendant is guilty.  You are to give no weight to the fact that an Indictment has been returned against the defendants.

[*Before you begin your deliberations, you will be provided with a copy of the Indictment.*] I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of the charged offenses.

## REQUEST NO. 3

### Summary of Indictment

The Indictment contains two counts or "charges."  You should know that there is no significance to the order of these numbers or the specific number of counts charged.

Count One of the Indictment charges that, from at least in or about 2015 through in or about 2016, PARKER H. PETIT and WILLIAM TAYLOR, the defendants, conspired or agreed with others to (1) commit securities fraud, (2) make false filings with the U.S. Securities and Exchange Commission (the "SEC"), and (3) to mislead the conduct of audits.  As I will explain in more detail later, a conspiracy, such as the one charged in Count One, is a criminal agreement to violate the law.  The other charge in the Indictment, which is set forth in Count Two, alleges what is called a "substantive" violation.  Unlike a conspiracy charge, which is a charge of agreeing to commit certain offenses, the substantive count allege the actual commission of a criminal offense.  Later on, I will explain to you the differences between a conspiracy count and a substantive count.

Count Two of the Indictment charges that, from in or about 2015 through in or about 2016, the defendants committed the substantive offense of securities fraud.

The Indictment alleges that the conspiracy charged in Count One and the substantive securities fraud offense charged in Count Two relate to a scheme in which the defendants and others caused MiMedx to report, in public filings with the SEC and to the investing public, falsely inflated revenue for the second through fourth quarters of 2015 and the full year 2015.

That is a brief summary of both counts in the Indictment.  In a moment, I will instruct you on each of these charges in more detail.  At the outset, however, let me instruct you that you must consider each defendant and each count separately and you must return a separate verdict of guilty or not guilty for each defendant on each count.  Whether you find a defendant guilty or

not guilty as to one offense should not affect your verdict as to any other defendant or any other offense charged.

With that summary of the Indictment as background, I will now give you detailed instructions that relate to the crime charged in Count One.

Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-6.

## REQUEST NO. 4

### Count One: The Indictment and the Statute

Now, let's turn to Count One, the conspiracy charge.  Count One of the Indictment charges PARKER H. PETIT and WILLIAM TAYLOR, the defendants, with participating in a securities fraud "conspiracy," in violation of Title 18, United States Code, Section 371.  That section provides in relevant part: "If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each. . ." is guilty of a crime.

The defendant are charged in this count with participating in a conspiracy to violate several federal statutes.  Specifically, Count One charges that:

[The Court is respectfully requested to read Count One of the Indictment, including the overt acts.]

In summary, the Indictment charges the defendant with agreeing with others to (1) commit securities fraud, (2) make false statements in filings with the SEC, and (3) mislead the conduct of audits.  The Indictment lists the overt acts – which I'll explain to you later – that are alleged to have been committed in furtherance of the conspiracy charged in Count One.

A conspiracy is a kind of criminal partnership – an agreement of two or more people to join together to accomplish some unlawful purpose.  The essence of the crime of conspiracy is an agreement or understanding to violate other laws.  If a conspiracy exists, even if it should fail in its purpose, it is still punishable as a crime.

The crime of conspiracy – or agreement – to violate a federal law, as charged in the Indictment, is an independent offense.  It is separate and distinct from the actual violation of the underlying crimes.  Therefore, you may find the defendants guilty of the crime of conspiracy – in other words, *agreeing* to commit one or more offenses – even if you find that the underlying

crimes that were the object of the conspiracy – that is, securities fraud; false statements in filings

to the SEC; and misleading the conduct of audits – were never actually committed. Congress has

deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the

conspiracy is not successful and no substantive crime is actually committed.

> Adapted from the charge of the Honorable Loretta A.
> Preska in United States v. Collins, 07 Cr. 1170 (LAP) (the
> "Collins Charge"); Adapted from the charge of the charge
> of the Honorable Paul A. Crotty in United States v.
> Tomasetta, 10 Cr. 1205 (PAC) (the Tomasetta Charge);
> Sand, et al., Modern Federal Jury Instructions, Instr. 19-2;
> see also United States v. Labat, 905 F.2d 18, 21 (2d Cir.
> 1990) ("Since the essence of conspiracy is the agreement
> and not the commission of the substantive offense that is
> its objective, the offense of conspiracy may be established
> even if the collaborators do not reach their goal.").

**REQUEST NO. 5**

**Count One: Conspiracy – Elements of the Conspiracy**

In order to sustain its burden of proof with respect to the charge of conspiracy, the Government must prove beyond a reasonable doubt each of the following three elements:

First, the existence of the conspiracy charged in the Indictment; in other words, that there was, in fact, an agreement or understanding to commit at least one of the object crimes charged in the Indictment;

Second, that a defendant knowingly and willfully became a member of the conspiracy, with intent to further its illegal purpose; and

Third, that any one of the conspirators – not necessarily the defendants, but any one of the parties involved in the conspiracy – knowingly committed at least one overt act in furtherance of the conspiracy.

Now let us separately consider the three elements.

> Adapted from the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 19-3.

# REQUEST NO. 6

## Count One: Conspiracy – First Element – Existence of the Conspiracy

Starting with the first element, what is a conspiracy?  A conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose.

The gist, or the essence, of the crime of conspiracy is the unlawful agreement between two or more people to violate the law.  As I mentioned earlier, the ultimate success of the conspiracy, meaning the actual commission of one or more of the crimes that are the object of the conspiracy, is not required.

Now, to show a conspiracy, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details.  Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to the unexpressed understanding.  It is rare that a conspiracy can be proven by direct evidence of an explicit agreement.  Conspirators do not usually reduce their agreements to writing or acknowledge them before a notary public, nor do they publicly broadcast their plans.  From its very nature, a conspiracy is almost invariably secret in its origin and execution.

To show that a conspiracy existed, the evidence must show that two or more persons, in some way or manner, either explicitly or implicitly, came to an understanding to violate the law and to accomplish an unlawful plan.  Express language or specific words are not required to indicate assent or attachment to a conspiracy.  Nor is it required that you find that any particular number of alleged co-conspirators joined in the conspiracy in order to find that a conspiracy existed.  You need only find that a defendant entered into the unlawful agreement alleged in the Indictment with one or more other persons in order to find that a conspiracy existed.

8

In determining whether there has been an unlawful agreement as alleged in the Indictment, you may consider the actions of all of the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," applies here.  Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual coconspirators.  When taken all together and considered as a whole, however, those acts and conduct may warrant the inference that a conspiracy existed just as conclusively as more direct proof, such as evidence of an express agreement.

So, in considering the first element of the crime of conspiracy as charged in Count One – whether the conspiracy actually existed – you should consider all the evidence that has been admitted with respect to the acts, conduct, and statements of each alleged coconspirator, and any inferences that may be reasonably drawn from them.  It is sufficient to establish the existence of the conspiracy, as I've already said, if, from the proof of all the relevant facts and circumstances, you find beyond a reasonable doubt that the minds of at least two alleged co-conspirators met in an understanding way to accomplish, by the means alleged, at least one object of the conspiracy.

In short, as far as the first element of the conspiracy is concerned, the Government must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to violate the law in the manner charged in Count One of the Indictment.

Liability for Acts and Declarations of Co-Conspirators

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed or made by persons who, the Government charges, were also confederates or co-conspirators of the defendants.

The reason for allowing this evidence to be received against the defendants has to do in part with the nature of the crime of conspiracy.  As I have said, a conspiracy is often referred to as a partnership in crime: as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Therefore, the reasonably foreseeable acts or statements of any member of the conspiracy, committed in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

If you find, beyond a reasonable doubt, that a defendant was a member of the conspiracy charged in the Indictment, then any acts done or statements made in furtherance of the conspiracy by a person also found by you to have been a member of the same conspiracy may be considered against that defendant.  This is so even if such acts were committed or such statements were made in that defendant's absence, and without his knowledge.

However, before you may consider the acts or statements of a co-conspirator in deciding the guilt of a defendant, you must first determine that the acts were committed or statements were made during the existence, and in furtherance, of the unlawful scheme.  If the acts were done or the statements were made by someone whom you do not find to have been a member of

10

the conspiracy, or if they were not in furtherance of the conspiracy, they may not be considered

by you in deciding whether a defendant is guilty or not guilty.

> Adapted from the <u>Collins</u> Charge; the <u>Tomasetta</u> Charge;
> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 19-4,
> 19-9.

**REQUEST NO. 7**

**Count One: Conspiracy – Objects of the Conspiracy**

The objects of a conspiracy are the illegal goal or goals the co-conspirators agree or hope to achieve.  The Indictment charges three such unlawful purposes – also referred to as "objects" of the conspiracy.  You should keep in mind that you need not find that the conspirators agreed to accomplish each one of these objects.  An agreement to accomplish any one of these objects is sufficient.  Here, the objects of the conspiracy are (a) securities fraud, (b) making false statements in SEC filings, and (c) misleading the conduct of audits.

Although the finding of one unlawful objective is sufficient to satisfy the illegal purpose element, I instruct you that you, the jury, must unanimously agree on which object, if any, was the specific object or objects of the alleged conspiracy.  If the Government fails to prove beyond a reasonable doubt that at least one of the unlawful objectives alleged in Count One was in fact an objective of the conspiracy, or if you cannot unanimously agree as to which of the unlawful objects alleged in the Indictment have been proven beyond a reasonable doubt, then you must find the defendant you are considering not guilty as to the conspiracy charge.

Adapted from the <u>Collins</u> Charge and the <u>Tomasetta</u> Charge.

## REQUEST NO. 8

### First Object – Securities Fraud

The first object of the conspiracy charged in Count One of the Indictment is to commit securities fraud.

Wholly apart from its inclusion as part of the conspiracy charged in Count One, the objective of the securities fraud is charged as a separate substantive offense in Count Two.  I instruct you that this is permissible.  A crime may be punished for its own sake and it may also be an object of a conspiracy — which requires proof of additional elements and which Congress has elected to make a separate and distinct crime.  Because the object of the conspiracy – securities fraud – is charged as a substantive offense in Count Two, I will instruct you in a moment with regard to Count Two on the law that applies to securities fraud and ask you to apply the same law to the object of the conspiracy as charged in Count One of the Indictment.

## REQUEST NO. 9

### Second Object – Making False Statements in SEC Filings

The second object of the conspiracy charged in Count One of the Indictment is making, or causing to be made, false statements in reports and documents required to be filed under the Securities Exchange Act of 1934.  Section 32 of the Securities Exchange Act of 1934, Title 15, United States Code, Section 78ff.  Section 78ff provides in relevant part:

> [A]ny person who willfully and knowingly makes, or causes to be made, any statement in any application, report, or document required to be filed under this title or any rule or regulation thereunder . . . which statement was false or misleading with respect to any material fact [shall be guilty of a crime].

This section is the general provision of the federal securities laws that makes it unlawful to willfully violate any provision of the Securities Exchange Act of 1934, or any rule or regulation thereunder, by making materially false and misleading statements in applications, reports, and documents required to be filed with the SEC.

The SEC requires public companies to file quarterly reports, or Form 10-Qs, for each of the first three quarters of every fiscal year, and an annual report, or Form 10-K, for the full fiscal year.  The SEC also requires public companies to file a current report on a form called a Form 8-K for, among other reasons, any public announcement or release that discloses material non-public information regarding that company's results of operations or financial condition for a completed quarterly or annual fiscal period.

### Elements

To establish a violation of Title 15, United States Code, Section 78ff, the Government must prove each of the following elements:

First, that MiMedx was required by the Securities Exchange Act of 1934 to file the document charged in that Count; and

14

Second, that a defendant knowingly and willfully made, or caused to be made, a materially false or misleading statement in that document.

Now I will explain these two elements in more detail.

### First Element – Required Filings

First, the Government must show that MiMedx was required by the Securities Exchange Act of 1934 to file reports and document.  I have already instructed you that public companies are required to file documents and reports as prescribed by the SEC.  These include quarterly reports on Form 10-Q, annual reports on Form 10-K, and current reports on Form 8-K for, among other reasons, any public announcement or release that discloses material non-public information regarding the company's results of operations or financial condition for a completed quarterly or annual fiscal period.  If you find that MiMedx was a public company, it was required to file these reports.

### Second Element – Material Falsity

The Government next must prove that the defendant made, or caused to be made, materially false and misleading statements in the filing you are considering.

A statement or representation is "false" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made.  A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

The word "material" here refers to the nature of the false or misleading statements.  We use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.  Matters that are "material" may also include fraudulent half-truths or omissions of material fact.  A material fact is one that a reasonable person would have

15

considered important in making his or her investment decision.  That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or disregard the law.  However, to show that the defendant acted willfully, the Government does not need to prove that the defendant knew he was breaking any particular law; rather, it is sufficient in this context for the Government to prove that the defendant was aware of the generally illegal nature of his acts.

The Government need not prove that the defendant himself physically made or otherwise personally prepared the statements in question.  It is sufficient if the Government has proved that a defendant caused materially false information to be filed by some person.

> Adapted from the charge of the charge of the Honorable Paul A. Crotty in
> United States v. Tomasetta, 10 Cr. 1205 (PAC); Title 15, United States
> Code, Sections 78m(a) and 78o(d); and Title 17, Code of Federal
> Regulations, Section 240.13a-11 and 13a-13; Form 8-K, Section 2, Item
> 2.02; Sand, et al., Modern Federal Jury Instructions, Instr. 36-9 and 36-10

## REQUEST NO. 10

### Third Object – Misleading the Conduct of Audits

The third object of the securities fraud conspiracy charged in Count One of the Indictment is misleading the conduct of audits.  The law prohibits directors or officers of a corporation that has publicly traded securities from making or causing to be made false or misleading statements to an accountant either in connection with an audit or examination of the company's financial statements or in connection with the preparation and filing of documents with the SEC.

To establish this object, the Government must prove that two or more persons agreed that the directors or officers of a public company would, directly or indirectly, make or cause to be made a materially false or misleading statements; or that those officers or directors would, directly or indirectly, omit to state, or cause another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading. Such material false statements or omissions must be made to an accountant in connection with (1) an audit or examination of the financial statements of the company, or (2) the preparation or filing of any document or report required to be filed with the SEC.  Finally, the defendant must have acted willfully.

I have explained that a public company is required to file financial statements with the SEC.  I have already described the concepts of willfulness, falsity and materiality.  You should apply those same instructions here.

Adapted from the charge of the Honorable Barbara S. Jones in <u>United States</u> v. <u>Weissman</u>, 01 Cr. 529 (BSJ)

# REQUEST NO. 11

## Count One: Conspiracy – Second Element – Membership in the Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count One of the Indictment existed, then you must next consider the second element: namely, whether a defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objectives.

In order to satisfy the second element of Count One, the Government must prove beyond a reasonable doubt that a defendant knowingly and willfully entered into the conspiracy with a criminal intent – that is, with a purpose to violate the law – and that he agreed to take part in the conspiracy to further promote and cooperate in its unlawful objectives.

### <u>"Unlawful," "Willfully" and "Knowingly" Defined</u>

I have already defined the words "knowingly" and "willfully," and you should apply those definitions here.  "Unlawful" simply means contrary to law.  A defendant need not have known that he was breaking any particular law or any particular rule.  A defendant need only have been aware of the generally unlawful nature of his acts.

Now, as I've mentioned before, knowledge is often a matter of inference from the proven facts.  Science has not yet devised a manner of looking into a person's mind and knowing what that person is thinking.  You do, however, have before you the evidence of certain acts and conversations alleged to have taken place with the defendant or in his presence.  The Government contends that these acts and conversations show beyond a reasonable doubt the defendants' knowledge of the unlawful purposes of the conspiracy.  It is for you to determine whether the Government has established to your satisfaction, beyond a reasonable doubt, that such knowledge and intent on the part of the defendant existed.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part.  To have guilty knowledge, the defendant need not have known the full extent of the conspiracy or all of the activities of all of its participants.  It is not even necessary for a defendant to know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary for a defendant to receive any monetary benefit from participating in the conspiracy, or to have a financial stake in the outcome.

It is enough if a defendant participated in the conspiracy unlawfully, intentionally and knowingly, as I have defined those terms.  However, while proof of a financial interest in the outcome of a scheme is not essential, if you find that a defendant had such an interest, that is a factor that you may properly consider in determining whether or not the defendant was a knowing member of the conspiracy charged in the Indictment.

The duration and extent of a defendant's participation has no bearing on the issue of the defendant's guilt.  A defendant need not have joined the conspiracy at the outset.  A defendant may have joined it at any time in its progress, and the defendant still will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while the defendant was a member.  Each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor roles in the scheme.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

I want to caution you, however, that a person's mere association with a member of the conspiracy does not make that person a member of the conspiracy, even when that association is

coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime, even coupled with knowledge that a crime is taking place, is not sufficient to support a conviction.  In other words, knowledge without participation is not sufficient.  What is necessary is that the defendant has participated in the conspiracy with knowledge of its unlawful purpose and with an intent to aid in the accomplishment of its unlawful objective.

In sum, a defendant, with an understanding of the unlawful nature of the conspiracy, must have intentionally engaged, advised or assisted in the conspiracy for the purpose of furthering an illegal undertaking.  A defendant thereby becomes a knowing and willing participant in the unlawful agreement – that is to say, a conspirator.

A conspiracy, once formed, is presumed to continue until either its objectives are accomplished or there is some affirmative act of termination by its members.  So, too, once a person is found to be a member of a conspiracy, he is presumed to continue his membership in the venture until its termination, unless it is shown by some affirmative proof that he withdrew and disassociated himself from it.

> Adapted from the Collins Charge; the Tomasetta Charge;
> Modern Federal Jury Instructions, Instr. 19-6.

## REQUEST NO. 12

### Count One: Conspiracy – Third Element – Overt Acts

The third element of Count One that the Government must prove is the commission of an overt act.  In particular, the Government must show beyond a reasonable doubt that at least one overt act was committed in furtherance of the conspiracy charged in Count One by at least one of the co-conspirators – not necessarily a defendant.

The purpose of the overt act requirement is clear.  There must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy.

Let me put it colloquially.  The overt act element is a requirement that the agreement went beyond the mere talking stage, the mere agreement stage.  The requirement of an overt act is a requirement that some action be taken during the life of the conspiracy by one of the co-conspirators to further the conspiracy.

For the Government to satisfy the overt act requirement, it is not necessary for the Government to prove all of the overt acts alleged in the Indictment or even <u>any</u> of the overt acts contained in the Indictment.  Indeed, you may find that overt acts were committed that were <u>not</u> alleged at all in the Indictment.  In short, it is sufficient for the Government to show that the defendant <u>or</u> one of his alleged co-conspirators knowingly committed an overt act – whether specifically charged in the Indictment or not – in furtherance of the conspiracy.  You must be unanimous on at least one such overt act.

You are further instructed that the overt act need not have been committed at precisely the time alleged in the Indictment.  It is sufficient if you are convinced beyond a reasonable doubt that an overt act occurred while the conspiracy was in existence.

In considering this element, you should bear in mind that an overt act, standing alone, may be an innocent, lawful act.  Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding or assisting the conspiratorial scheme.  You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or constitutes an object of the conspiracy.

> Adapted from the Collins Charge; the Tomasetta Charge; and Sand, et al., Modern Federal Jury Instructions, Instr. 19-7.

## REQUEST NO. 13

### Count One: Conspiracy – Time of Conspiracy

The Indictment charges that the conspiracy set forth in Count One existed from at least in or about 2015 through at least in or about 2016.  It is not essential that the Government prove that the conspiracy started and ended on those specific dates.  Indeed, it is sufficient if you find that in fact the charged conspiracy was formed and that it existed for some time within the period set forth in the Indictment, and that at least one overt act was committed in furtherance of the charged conspiracy within that period.

More generally with respect to the timing of events and the amounts of particular transactions, it does not matter if a specific transaction is alleged to have occurred on or about a certain date or that it involved a specific number of shares or amount of money but the testimony indicates that in fact it was a different date or amount.  The law only requires a substantial similarity between the dates and amounts alleged in the Indictment and the dates and amounts established by the testimony or other evidence.  The same goes for most of the other factual contentions in the Indictment.

Adapted from the Tomasetta Charge; Sand et al., Modern Federal Jury Instructions, Instr. 3-12.

23

**REQUEST NO. 14**

**Count Two: Securities Fraud – The Indictment and the Statute**

I've just instructed you on the elements of the conspiracy charged in Count One.  Let us turn to Count Two, which charges PARKER H. PETIT and WILLIAM TAYLOR, the defendants, with committing the substantive crime of securities fraud.

Count Two alleges as follows:

[The Court is respectfully requested to read Count Two of the Indictment.]

The relevant law here is Section 10(b) of the Securities Exchange Act of 1934, which is set forth in 15 U.S.C. § 78j(b).  Section 10(b) provides, in pertinent part:

> It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or of the mails, or of any facility of any national securities exchange . . .
>
> (b) To use or employ, in connection with the purchase or sale of any security registered on a national securities exchange or any security not so registered, . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the [SEC] may prescribe as necessary or appropriate in the public interest or for the protection of investors.

Based on its authority under this statute, the SEC has created a number of rules and regulations, one of which, known as Rule 10b-5 is relevant here.  Rule 10b-5 reads as follows:

> **Employment of manipulative and deceptive devices.** It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange,
>
> (a) to employ any device, scheme, or artifice to defraud,
>
> (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, or
>
> (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any security.

Adapted from the charge of the Honorable Loretta A. Preska in <u>United States</u> v. <u>Collins</u>, 07 Cr. 1170 (LAP) (the "<u>Collins</u> Charge"); Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-18.

**REQUEST NO. 15**

**Count Two: Securities Fraud – Statutory Purpose**

The 1934 Securities Exchange Act was the second of two laws passed by Congress to provide a comprehensive plan to protect the investing public in the purchase and sale of securities that are publicly distributed.

The stock market crash of 1929 led to much legislation in the area of securities regulation. Included in this legislation was the Securities Act of 1933, and the creation of the Securities and Exchange Commission ("SEC"). The Securities Act was enacted to protect the investing public in the purchase of stock that is publicly distributed. The Act provides a comprehensive plan requiring full and fair disclosure of all important facts in connection with a distribution of securities. Such disclosures are designed to enable the investing public to make realistic appraisals of the merits of securities so that investors can make informed investment decisions.

When it enacted the Securities Act, Congress recognized that the purchase of a stock is different from the purchase of a vegetable bought in a grocery store, in that the average investor is not in a position to make a personal investigation to determine the worth, quality, and value of securities.

Following enactment of the Securities Act of 1933, which requires full and fair disclosures relating to the offering of stock to the investing public, Congress enacted the Securities Exchange Act of 1934 to ensure fair dealing and outlaw deceptive and inequitable practices by those selling or buying securities on the securities exchanges, in over-the-counter markets, or in face-to-face transactions. Among the primary objectives of the Exchange Act are the maintenance of fair and honest security markets and the elimination of manipulative practices that tend to distort the fair and just price of stock. Congress recognized that any deceptive or

26

manipulative practice that influenced or related to trading activity undermined the function and

purpose of a free market.

> Adapted from the <u>Collins</u> Charge; Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-19.

**REQUEST NO. 16**

**Count Two: Securities Fraud – Elements of the Offense**

To establish a violation of Section 10(b), as charged in Count Two of the Indictment, the Government must prove each of the following elements beyond a reasonable doubt:

<u>First</u>, that in connection with the purchase or sale of stock, or shares in a company, the defendant did <u>any</u> <u>one</u> or more of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller;

<u>Second</u>, that the defendant acted knowingly, willfully, and with the intent to defraud; and

<u>Third</u>, that the defendant used or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

I will discuss each element in turn.

> Adapted the <u>Collins</u> Charge; Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-20; <u>see</u> <u>United States</u> v. <u>Litvak</u>, 808 F.3d 160, 178 (2d Cir. 2015) (noting that scienter for securities fraud is "intent to deceive, manipulate or defraud" and does not require an intent to harm); <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2 (2d Cir. 1979).

**REQUEST NO. 17**

**Count Two: First Element – Fraudulent Act**

The first element that the Government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of securities, such as shares of MiMedx, the defendant did any one of the following:

(1) employed a device, scheme or artifice to defraud, or

(2) made an untrue statement of a material fact or omitted to state a material fact which made what was said, under the circumstances, misleading, or

(3) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

To prove this element, it is not necessary for the Government to prove all three types of unlawful conduct in connection with the purchase or sale of securities. Any one will suffice. You must, however, be unanimous as to which type of unlawful conduct, if any, the defendant committed.

Let me now explain some of these terms.

**"Device, Scheme, or Artifice to Defraud"**

A device, scheme or artifice is merely a plan for the accomplishment of any objective. Fraud is a general term that embraces all ingenious efforts and means that individuals devise to take advantage of others. It includes all kinds of manipulative and deceptive acts. The fraud or deceit need not relate to the investment value of the securities involved in this case.

**False Statements and Omissions**

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. The concealment of material

facts in a manner that makes what is said or represented deliberately misleading may also constitute false or fraudulent statements under the statute.

The deception need not be based upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used, may convey the false and deceptive appearance.  If there is deception, the manner in which it is accomplished does not matter.

### "In Connection With"

You cannot find that the Government has proven the first element unless you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a purchase or sale of securities.  The requirement that the fraudulent conduct be "in connection with" a purchase or sale of securities is satisfied so long as there was some nexus or relation between the allegedly fraudulent conduct and the sale or purchase of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.  You need not find that the defendant actually participated in any specific purchase or sale of a security if you find that the defendant participated, or agreed to participate, in fraudulent conduct that was "in connection with" a "purchase or sale" of securities.

It is no defense to an overall scheme to defraud that the defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question.  A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all of its details, and intentionally acts in a way to further the unlawful goals, becomes a member of the scheme and is legally responsible for all that may have been done in the past, in furtherance of the criminal objective, and all that is done thereafter.

Even if a defendant participated in the scheme to a lesser degree than others, he is, nevertheless, equally guilty so long as the defendant became a member of the scheme to defraud with knowledge of its general scope and purpose.

Nor is it necessary for you to find that a defendant was or would be the actual seller of the securities.  It is sufficient if the misrepresentation or omission of material fact involved the purchase or sale of stock.  By the same token, the Government need not prove that a defendant personally made the misrepresentation or that he omitted the material fact.  It is sufficient if the Government establishes that a defendant caused the statement to be made or the fact to be omitted.  With regard to the alleged misrepresentations and omissions, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

### **"Material Fact"**

If you find that the Government has established beyond a reasonable doubt that a statement was false or a statement was omitted rendering the statements that were made misleading, you must next determine whether the statement or omission was material under the circumstances.  The word "material" here refers to the nature of the false or misleading statements.  As I instructed you previously, we use the word "material" to distinguish between the kinds of statements we care about and those that are of no real importance.  Matters that are "material" may also include fraudulent half-truths or omissions of material fact.  A material fact is one that a reasonable person would have considered important in making his or her investment decision.  That means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must

also find that the statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

Any testimony that you may have heard from any witness with respect to whether a particular fact would or would not have been important to him or to investors in general reflect that witness's individual views.  Although you may consider such testimony, it is not controlling. It is for you to determine whether a particular fact would have been significant to a reasonable investor in making an investment decision.

In considering whether a statement or omission was material, let me caution you that it is not a defense if the material misrepresentation or omission would not have deceived a person of ordinary intelligence.  Once you find that the offense involved the making of material misrepresentations or omissions of material facts, it does not matter whether the intended victims were gullible buyers or sophisticated investors, because the securities laws protect the gullible and unsophisticated as well as the experienced investor.

Nor does it matter whether the alleged unlawful conduct was or would have been successful, or whether the defendant profited or would have profited as a result of the alleged scheme.  Success is not an element of a violation of Section 10(b) or Rule 10b-5.  If, however, you find that the defendant expected to or did profit from the alleged scheme, you may consider that in relation to the element of intent, which I will discuss in a moment.

In assessing whether a misstatement or omission is material, both quantitative and qualitative factors should be considered.  In assessing whether a stated or omitted fact is quantitatively material, you should consider the financial magnitude of the misstatement or omission.  Under this inquiry, an omission or misstatement of an item in a financial report is quantitatively material if, in light of surrounding circumstances, the magnitude of the item is

such that it is probable that the judgment of a reasonable person relying upon the report would have been changed or influenced by the inclusion or correction of the item.  However, the magnitude of a misstatement is only the beginning of an analysis of materiality.  You should also consider whether qualitative factors make a misstatement or omission material.  With respect to financial statements, qualitative factors may cause misstatements of quantitatively small amounts to be material.

In assessing whether a misstatement or omission is qualitatively material, you may consider, among other factors:

- whether the misstatement masks a change in earnings or other trends;

- whether the misstatement hides a failure to meet analysts' consensus expectations for the enterprise;

- whether the misstatement changes a loss into income or vice versa;

- whether the misstatement concerns a segment or other portion of the company's business that has been identified as playing a significant role in the company's operations or profitability;

- whether the misstatement has the effect of increasing management's compensation – for example, by satisfying requirements for the award of bonuses or other forms of incentive compensation;

- whether the misstatement involves concealment of an unlawful transaction.

This is not an exhaustive list of the circumstances that may render material a misstatement that is quantitatively small.  Among other factors, the demonstrated volatility of the price of a registrant's securities in response to certain types of disclosures may provide guidance as to whether investors regard quantitatively small misstatements as material.  When

33

management expects (based, for example, on a pattern of market performance) that a known misstatement may result in a significant positive or negative market reaction, that expected reaction should be taken into account when considering whether a misstatement is material.

You should not assume that even small intentional misstatements in financial statements, for example those pursuant to actions to "manage" earnings, are immaterial.  While the intent of management does not render a misstatement material, it may provide significant evidence of materiality.  The evidence may be particularly compelling where management has intentionally misstated items in the financial statements to "manage" reported earnings.  In that instance, it presumably has done so believing that the resulting amounts and trends would be significant to users of the registrant's financial statements.

Remember, in assessing materiality, you should consider all the relevant facts and circumstances, both quantitative and qualitative.  Furthermore, you should consider both the individual misstatements or omissions, and their aggregate effect, in determining materiality.

> Adapted from the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 57-20, 57-21; SEC Staff Accounting Bulletin ("SAB") 99; see also United States v. Skelly, 442 F.3d 94, 98 (2d Cir. 2006); United States v. Santoro, 302 F.3d 76, 80-81 (2d Cir. 2002) ("Unlike customers who independently find their stocks and whose brokers merely execute trades at their command, customers who rely on investment recommendations reasonably trust their brokers to fully disclose all information pertinent to the recommendation and quality of the investment."); United States v. Szur, 289 F.3d 200, 210 (2d Cir. 2002); Ganino v. Citizens Utilities Co., 228 F.3d 154, 163 (2d Cir. 2000) ("SAB No. 99 is thoroughly reasoned and consistent with existing law – its non-exhaustive list of factors is simply an application of the well-established Basic analysis to misrepresentations of financial results – we find it persuasive guidance for evaluating the materiality of an alleged misrepresentation.").

**REQUEST NO. 18**

**Count Two: Second Element – Knowledge, Intent and Willfulness**

The second element of Count Two that the Government must establish is that the defendant acted knowingly, willfully and with intent to defraud.

I previously instructed you on the meaning of "knowingly and "willfully" and you should apply those same instructions here.

 "Intent to defraud" in the context of the securities laws means to act knowingly and with intent to manipulate or deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question.  This question involves one's state of mind.

Direct proof of knowledge and fraudulent intent is almost never available.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

What is referred to as drawing inferences from circumstantial evidence is no different from what people normally mean when they say, "use your common sense."  Using your common sense means that, when you come to decide whether a defendant possessed or lacked an intent to defraud, you do not limit yourself to what a defendant said, but you also look at what he did and what others did in relation to a defendant and, in general, everything that occurred.

As I have previously explained, circumstantial evidence, if believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

Because an essential element of the crime charged is intent to deceive, good faith on the part of the defendant is a complete defense to the charge of securities fraud. That is, the law is not violated if the defendant held an honest belief that his actions were proper and not in furtherance of any unlawful scheme. An honest belief in the truth of the representations made by a defendant is a complete defense, however inaccurate the statements may turn out to be. A defendant, however, has no burden to establish a defense of good faith; it remains the Government's burden to prove, beyond a reasonable doubt, that the defendant acted knowingly, willfully, and with intent to deceive.

In considering whether or not a defendant acted in good faith, however, you are instructed that a belief by the defendant, if such belief existed, that ultimately everything would work out so that no investors would lose any money does <u>not</u> necessarily constitute good faith. No amount of honest belief on the part of a defendant that the scheme will ultimately make a profit for the investors will excuse fraudulent actions or false representations by him.

As a practical matter, then, to prove the charge against a defendant, the Government must establish beyond a reasonable doubt that the defendant knew that his conduct was calculated to deceive and that he nevertheless associated himself with the alleged fraudulent scheme.

> Adapted from the <u>Collins</u> Charge; Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 57-16; <u>United States</u> v. <u>Litvak</u>, 808 F.3d 160, 178 (2d Cir. 2015) (intent element for securities fraud is "intent to deceive, manipulate or defraud" not "intent to harm").

**REQUEST NO. 19**

**Count Two: Third Element – Instrumentality of Interstate Commerce**

The third and final element of Count Two — the substantive securities fraud count —

that the Government must prove beyond a reasonable doubt is that the defendant knowingly

used, or caused to be used, the mails or the instrumentalities of interstate commerce in

furtherance of the scheme to defraud.

Let me first note that it is unnecessary for the Government to prove both the mails and an

instrumentality of interstate commerce were used in furtherance of the fraudulent scheme.  Only

one of the above – either the mails or an instrumentality of interstate commerce – is enough.  But

you must be unanimous as to at least one.

In considering this element, it is not necessary for you to find that the defendant was or

would have been directly or personally involved in any mailing or the use of an instrumentality

of interstate commerce.  If the conduct alleged would naturally and probably result in the use of

the mails or an instrumentality of interstate commerce, this element would be satisfied.

Nor is it necessary that the items sent through the mails or communicated through an

instrumentality of interstate commerce did or would contain the fraudulent material, or anything

criminal or objectionable.  The matter mailed or communicated may be entirely innocent so long

as it is in furtherance of the scheme to defraud or fraudulent conduct.

The use of the mails or instrumentality of interstate commerce need not be central to the

execution of the scheme or even be incidental to it.  All that is required is that the use of the

mails or instrumentality of interstate commerce bear some relation to the object of the scheme or

fraudulent conduct.

In fact, the actual purchase or sale of a security need not be accompanied by the use of

the mails or instrumentality of interstate commerce, so long as the mails or instrumentality of

interstate commerce are used in furtherance of the scheme and the defendant is still engaged in actions that are part of a fraudulent scheme when the mails or the instrumentalities of interstate commerce are used.

The use of the term "mails" is self-explanatory, and includes the U.S. Mail and Federal Express.  Examples of instrumentalities of interstate commerce include an interstate telephone call or email, or use of a facility of a national securities exchange, such as a stock or options trade made on the NASDAQ.

> Adapted from the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 57-20, 57-25; United States v. Giordano, 442 F.3d 30, 40 & n.11 (2d Cir. 2006) (defining "instrumentality of interstate commerce").

## REQUEST NO. 20

### Conscious Avoidance

As I have explained, each of the counts charged in the Indictment requires the Government to prove that the defendant you are considering acted knowingly, as I have already defined that term.

As you all know, if a person is actually aware of a fact, then he knows that fact. But the law also allows you to find that a defendant had knowledge of a fact when the evidence shows that he was aware of a high probability of that fact, but intentionally avoided confirming that fact. The law calls this "conscious avoidance" or "willful blindness."

In determining whether the Government has proven beyond a reasonable doubt that a defendant acted knowingly with respect to either of the counts charged in the Indictment, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. One may not willfully and intentionally remain ignorant of a fact important to his conduct in order to escape the consequences of criminal law.

 Thus, if you find beyond a reasonable doubt that the defendant acted with a conscious purpose to avoid learning some relevant fact – for example, that certain statements were false or misleading without additional information – then you may treat the defendant as though he knew that the fact existed. However, guilty knowledge may not be established by demonstrating that the defendant was merely negligent, foolish, or mistaken, and you may not rely on willful blindness as the basis for treating the defendant as though he was aware of the existence of a fact if you find that the defendant actually believed that the fact did not exist. It is entirely up to you whether you find that the defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Let me explain further what the concept of willful blindness or conscious avoidance means with respect to the conspiracy charge, Count One of the Indictment.

First, there is a difference between knowingly participating in a joint undertaking and knowing the object of that undertaking. "Conscious avoidance," as I have described it, cannot be used as a substitute for a finding that the defendant knowingly agreed to a joint undertaking. It is logically impossible for a defendant to agree to join another person unless he knows that he has made such an agreement.

However, if you find beyond a reasonable doubt that the defendant entered into such an agreement, in considering whether the defendant knew that the objective or goal of that agreement was to engage in securities fraud, to make false filings with the SEC and mislead the conduct of audits, you may consider whether the defendant deliberately avoided confirming otherwise obvious facts about the purpose of the agreement, that is, whether he deliberately closed his eyes to what would otherwise have been obvious.

Adapted from the Collins Charge; Sand, et al., Modern Federal Jury Instructions, Instr. 3A-2, 57-24.

40

**REQUEST NO. 21**

**Aiding and Abetting**

The substantive count – Count Two – charges the defendants with violating 18 U.S.C. § 2, the "aiding and abetting" statute.  That is, the defendants are charged not only as principals who committed the crime, but also aider and abettors and with having willfully caused the crime.  As a result, under 18 U.S.C. § 2, there are two additional ways that the Government may establish a defendant's guilt on Count Two.  One way is called "aiding and abetting," and the other is called "willfully causing a crime."  Let me explain each of these.

"Aiding and abetting" is set forth in Section 2(a) of the statute.  That section reads, in part, as follows:

> Whoever commits an offense against the United States or aids or abets or counsels, commands or induces, or procures its commission, is punishable as a principal.

Under the aiding and abetting statute, it is not necessary for the Government to show that a defendant himself physically committed the crime with which he is charged in order for you to find the defendant guilty.  Thus, even if you do not find beyond a reasonable doubt that the defendant himself committed the crime charged, you may, under certain circumstances, still find the defendant guilty of that crime as an aider or abettor.

A person who aids or abets another to commit an offense is just as guilty of that offense as if he committed it himself.  Accordingly, you may find a defendant guilty of the substantive crime if you find beyond a reasonable doubt that the Government has proved that another person actually committed the crime, and that the defendant aided and abetted that person in the commission of the offense.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another

41

if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

In order to aid or abet another to commit a crime, it is necessary that a defendant willfully and knowingly associate himself in some way with the crime, and that he willfully and knowingly seek by some act to help make the crime succeed.

Participation in a crime is willful if action is taken voluntarily and intentionally, or, in the case of a failure to act, with the specific intent to fail to do something the law requires to be done; that is to say, with a bad purpose either to disobey or to disregard the law.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or the mere acquiescence by a defendant in the criminal conduct of others, even with guilty knowledge, is not sufficient to establish aiding and abetting.  An aider and abettor must have some interest in the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

-- Did he participate in the crime charged as something he wished to bring about?

-- Did he associate himself with the criminal venture knowingly and willfully?

-- Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If he did not, then the defendant is not an aider and abettor, and is not guilty as an aider and abettor of that offense.

> Adapted from Sand, et al., <u>Modern Federal Jury</u> <u>Instructions</u>, Instr. 11-1 and 11-2, and from the charge

approved in <u>United States</u> v. <u>Stanchich</u>, 550 F.2d 1294 (2d Cir. 1977); <u>see</u> <u>United States</u> v. <u>Labat</u>, 905 F.2d 18, 23 (2d Cir. 1990) (discussing requirements of aiding and abetting liability); <u>United States</u> v. <u>Clemente</u>, 640 F.2d 1069 (2d Cir.) (same).

**REQUEST NO. 22**

**Willfully Causing a Crime**

The second way in which the Government can prove a defendant's guilt under 18 U.S.C. § 2 on Counts Two is through a finding beyond a reasonable doubt that the defendant willfully caused a crime.  Section 2(b) of the aiding and abetting statute, which relates to willfully causing a crime, reads as follows:

> Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States [shall be guilty of a federal crime].

What does the term "willfully caused" mean? It means that the defendant himself need not have physically committed the crime or supervised or participated in the actual criminal conduct charged in the Indictment.

The meaning of the term "willfully caused" can be found in the answers to the following questions:

First, did the defendant did the defendant have the mental state necessary to commit the offenses you are considering; and

Second, did the defendant intentionally cause another person to commit the action or actions that constituted the crime?

If you are persuaded beyond a reasonable doubt that the answer to both of these questions is "yes" then the defendant is guilty of the crime charged just as if the defendant himself had actually committed it.  To find the defendant liable under this provision of the statute, the Government need not prove that he acted through a guilty intermediary.

> Adapted from Sand, et al., Modern Federal Jury Instructions, Instr. 11-3; see United States v. Gabriel, 125 F.3d 89, 99 (2d Cir. 1997) ("Generally, to establish a conviction through the use of section 2(b), the government

must prove that the defendant had the mental state necessary to violate the underlying criminal statute and that the defendant 'willfully caused' another to commit the necessary act."); <u>United States</u> v. <u>Margiotta</u>, 688 F.2d 108, 131 (2d Cir. 1982) (defendant may be found guilty even if he acts through "innocent intermediaries" to "cause[] the commission of an indispensable element of the offense"); <u>United States</u> v. <u>Ordner</u>, 554 F.2d 24, 29 (2d Cir. 1977), cert. denied, 434 U.S. 824 (1978) (under the "willfully causes an act to be done" provision "the guilt or innocence of the intermediary is irrelevant").

**REQUEST NO. 23**

**Venue**

Now, in addition to dealing with the elements of each of the offenses, you must also consider the issue of venue as to each offense, namely, whether any act in furtherance of the unlawful activity occurred within the Southern District of New York.  The Southern District of New York includes Manhattan, the Bronx, as well as several other counties, so anything that occurs in Manhattan occurs in the Southern District of New York.

It is sufficient to satisfy the venue requirement if any act by anyone in furtherance of the crime charged occurred within the Southern District of New York.  To satisfy this venue requirement <u>only</u>, the Government need not meet the burden of proof beyond a reasonable doubt. The Government meets its burden of proof for venue if it establishes by a preponderance of the evidence that an act in furtherance of the crime occurred within the Southern District of New York.  A preponderance of the evidence means that something is more likely than not.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 3-11.; the <u>Collins</u> Charge; the <u>Tomasetta</u> Charge; <u>see also</u> <u>United States</u> v. <u>Gonzalez</u>, 922 F.2d 1044, 1054-55 (2d Cir.) (affirming that venue is governed by a preponderance standard).

## REQUEST NO. 24

### Accomplice Witnesses

You have heard witnesses who testified that they were actually involved in the crimes charged in the Indictment.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who participated in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

The testimony of such accomplices and cooperating witnesses is properly considered by the jury. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

For these very reasons, the law allows the use of accomplice testimony. Indeed, it is the law in federal courts that the testimony of an accomplice may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

Because of the possible interest an accomplice may have in testifying, the accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his credibility. However, it does not follow that simply because a person has admitted to participating in one or more crimes, that he is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor, candor, the strength and accuracy of a witness's recollection, his background, and the extent to which his testimony is or is not corroborated by other evidence.

You may consider whether accomplice witnesses—like any other witnesses called in this case—have an interest in the outcome of the case, and if so, whether it has affected their testimony.

You heard testimony about agreements between the Government and one or more witnesses. I must caution you that it is no concern of yours why the Government made an agreement with a witness. Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether the accomplices would benefit more by lying, or by telling the truth.  Was his testimony made up in any way because he believed or hoped that he would somehow receive favorable treatment by testifying falsely?  Or did he believe that his interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one which would cause him to lie, or was it one which would cause him to tell the truth? Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of the accomplice witness's testimony and demeanor upon the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still may accept his or her testimony in other parts, or may disregard all of it.  That is a determination entirely for you, the jury.

> Adapted from Sand, Modern Federal Jury Instructions, Instr. 7-5;
> from the charge of the Honorable John F. Keenan in United  States
> v. Carrero, 91 Cr. 365 (JFK) (1991); and from the charge  in United
> States v. Projansky, 465 F.2d 123, 136-37 n.25 (2d Cir. 1972)

(specifically approving charge set forth in footnote). <u>See</u> <u>United States</u> v. <u>Gleason</u>, 616 F.2d 2, 15 (2d Cir. 1979) ("Where the court points out that testimony of certain types of witnesses may be suspect and should therefore be scrutinized and weighed with care, such as that of accomplices or coconspirators . . . it must also direct the jury's attention to the fact that it may well find these witnesses to be truthful, in whole or in part.") (citations omitted), and <u>United States</u> v. <u>Cheung Kin Ping</u>, 555 F.2d 1069, 1073 (2d Cir. 1977) (same). <u>See also</u> <u>United States</u> v. <u>Swiderski</u>, 539 F.2d 854, 860 (2d Cir. 1976) (can be reversible error not to give accomplice witness charge if requested by defense).

**REQUEST NO. 25**

**Law Enforcement and Government Employee Witnesses**

**[If Applicable]**

You have heard testimony from law enforcement officials and employees of the Government.  The fact that a witness may be employed by the Federal Government as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement or Government employee witness and to give to that testimony the weight you find it deserves.

> Adapted from Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-16.

## REQUEST NO. 26

### Expert Witnesses

### [If Applicable]

You have heard testimony from what we call an expert witness [or witnesses]. An expert is a witness who by education or experience has acquired learning or experience in a specialized area of knowledge. Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be an expert and give their reasons for their opinions. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Now, your role in judging credibility applies to experts as well as to other witnesses. You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve. If you should decide that the opinion of an expert was not based on sufficient education or experience or on sufficient data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, of if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 7-21.

**REQUEST NO. 27**

**Character Testimony**

**[If Applicable]**

You have heard testimony that the defendant has a good reputation for [to be completed as appropriate].

Along with all the other evidence you have heard, you may take into consideration what you believe about a defendant's reputation for [to be completed as appropriate] when you decide whether the Government has proven, beyond a reasonable doubt, that the defendant committed the crime.

**REQUEST NO. 28**

**Defendant's Testimony**

**[Requested only if the defendant testifies]**

[The Government respectfully requests that the Court include the following instruction in its general instruction on witness credibility, rather than as a separate instruction:]

The defendant testified at trial and was subject to cross-examination.  You should examine and evaluate this testimony just as you would the testimony of any witness with an interest in the outcome of the case.

**REQUEST NO. 29**

**Defendant's Right Not to Testify**

**[If requested by defense]**

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he or she is innocent.

You may not attach any significance to the fact that the defendant did not testify.  No adverse inference against him may be drawn by you because he did not take the witness stand.  You may not consider this against the defendant in any way in your deliberations in the jury room.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-21.

**REQUEST NO. 30**

**Statements of the Defendants**

There has been evidence that the defendants made certain statements in which the Government claims he made admissions or denials relevant to the charges in the Indictment.

Evidence of these statements was properly admitted in this case, and may be properly considered by you.  You are to give the statements such weight as you feel they deserve in light of all the evidence.

Whether you approve or disapprove of the use of these statements may not enter your deliberations.  I instruct you that no one's rights were violated, and the Government's use of this evidence is entirely lawful.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-19.

**REQUEST NO. 31**

**Uncalled Witnesses – Equally Available to Both Sides**

There are people whose names you heard during the course of the trial but did not appear to testify.  [If applicable: One or more of the attorneys has referred to their absence from the trial.]  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 6-7.

56

**REQUEST NO. 32**

**Particular Investigative Techniques Not Required**

**[If Applicable]**

You have heard reference, in the arguments of defense counsel in this case, to the fact that certain investigative techniques were not used by the Government.  There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.

Your concern is to determine whether or not, on the evidence or lack of evidence, the defendant's guilt has been proved beyond a reasonable doubt.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 4-4.

57

**REQUEST NO. 33**

**Persons Not on Trial**

You may not draw any inference, favorable or unfavorable, towards the Government or the defendant on trial from the fact that any person in addition to the defendant is not on trial here. You also may not speculate as to the reasons why other persons are not on trial. Those matters are wholly outside your concern and have no bearing on your function as jurors.

## REQUEST NO. 34

### Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on those subjects and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

**REQUEST NO. 35**

**Charts and Summaries – Not Admitted As Evidence**

**[If Applicable]**

There have been a number of summary charts and exhibits that were shown to you but not admitted into evidence.  At the time they were shown to you, I have noted this fact to you.  For these charts and exhibits that were not admitted into evidence, they serve merely as summaries and analyses of testimony and documents in the case and are here to act as visual aids for you.  It is the underlying evidence and the weight which you attribute to it that gives value and significance to these charts.  To the extent that the charts conform to what you determine the underlying facts to be, you should accept them.  To the extent that the charts differ from what you determine the underlying evidence to be, you may reject them.

Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-13.

**REQUEST NO. 36**

**Charts and Summaries – Admitted as Evidence**

**[If Applicable]**

Now, some of the exhibits that were admitted into evidence were in the form of charts and summaries.  For these charts and summaries that were admitted into evidence, you should consider them as you would any other evidence.

> Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-12;
> <u>see also</u> Fed. R. Evid. 1006.

## REQUEST NO. 37

### Use of Audio Recordings and Transcripts

Audio recordings have been admitted into evidence in this case.  This evidence was lawfully obtained, and properly admitted in this case.  Whether you approve or disapprove of the recording of these conversations may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated, and that the Government's use of this evidence is entirely lawful.

You must, therefore, regardless of any personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proved beyond a reasonable doubt the guilt of the defendant.

To help your listening, transcripts have also been prepared.  However, the transcripts were not admitted into evidence; only the audio recordings were.  You are not to regard the transcripts as anything more than as an aid to you.  It is what you hear on the recordings that controls.  Nonetheless, if you wish to view the transcripts, they will be made available to you during your deliberations.

> Adapted from the charge of the Honorable Pierre N. Leval in United States v. Mucciante, 91 Cr. 403 (PNL) (S.D.N.Y. 1992); see also Sand, et al., Modern Federal Jury Instructions, Instr. 5-9, 5-10.

**REQUEST NO. 38**

**Stipulations**

In this case you have heard evidence in the form of stipulations.

You have heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

> Adapted from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 5-6 and 5-7.

**Conclusion**

Members of the jury, that about concludes my instructions to you.  You are about to go into the jury room to begin your deliberations.  If during those deliberations you want to see any of the exhibits, you may request to see them and we will either send them into the jury room or we will bring you back out to the courtroom to see them.  If you want any of the testimony read or any of the tapes played again, you may also request that.  Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting exhibits or portions of the testimony.  If you want any further explanation of the law as I have explained it to you, you may also request that from the Court.  If there is any doubt or question about the meaning of any part of this charge, you should send me a note asking for clarification or for a further explanation.  Your requests for exhibits or testimony – in fact any communications with the Court – should be made to me in writing, signed by your foreperson, and given to one of the marshals.  In any event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Many of you have taken notes periodically throughout this trial.  I want to emphasize to you, as you are about to begin your deliberations, that notes are simply an aid to memory.  Notes that any of you may have made may not be given any greater weight or influence in determination of the case than the recollections or impressions of other jurors, whether from notes or memory, with respect to the evidence presented or what conclusions, if any, should be drawn from such evidence.  Any difference between a juror's recollections and another juror's notes should be settled by asking to have the court reporter read back the transcript, for it is the court record rather than any juror's notes upon which the jury must base its determination of the facts and its verdict.

Your verdict must be based solely upon the evidence developed at trial or the lack of evidence. It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about any defendant's race, religion, national origin, sex, or age. The parties in this case are entitled to a trial free from prejudice and our judicial system cannot work unless you reach your verdict through a fair and impartial consideration of the evidence.

Your function now is to weigh the evidence in this case and to determine the guilt or innocence of the defendant with respect to each count of the Indictment.

You must base your verdict solely on the basis of the evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous. It is your duty, as jurors, however, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment. Each of you must decide the case for him or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Remember at all times, you are not partisans. You are judges – judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

You should by your own vote select one of you to sit as your foreperson.  The foreperson will send out any notes, and when the jury has reached a verdict, he or she will notify the marshal that the jury has reached a verdict, and when you come into open court, the foreperson will be asked to state what the verdict is.

We have prepared a verdict form for you to use in recording your decisions.  After you have reached a verdict, the foreperson should fill in the verdict sheet, sign and date it, and then give a note to the marshal outside your door stating that you have reached a verdict.  Do not specify what the verdict is in your note.  Instead, the foreperson should retain the verdict sheet, and hand it to us in open court when you are all called in.  If you are divided, do not report how the vote stands.

I will stress again that each of you must be in agreement with the verdict that is announced in court.  Once your verdict is announced by your foreperson in open court and officially recorded, it cannot ordinarily be revoked.

In conclusion, Ladies and Gentlemen, I am sure that if you listen to the views of your fellow jurors and if you apply your own common sense you will reach a fair verdict here. Remember that your verdict must be rendered without fear, without favor, and without prejudice or sympathy.

Dated: October 19, 2020
      New York, New York

                Respectfully submitted,

                AUDREY STRAUSS
                Acting United States Attorney

    By:           /s/
                Edward Imperatore/Scott Hartman/Daniel Tracer
                Assistant United States Attorneys
                Tel: (212) 637-2327/2357/2329