UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ x
UNITED STATES OF AMERICA                    :
                                            :
        – v. –                              :
                                            :        19 Cr. 850 (JSR)
PARKER H. PETIT and WILLIAM TAYLOR,         :
                                            :
                    Defendants.             :
------------------------------------------------------------ x
```

## <u>DEFENDANTS' REQUESTS TO CHARGE</u>

Pursuant to Federal Rule of Criminal Procedure 30(a), defendants Parker H. Petit and William C. Taylor respectfully request that the Court include the following instructions in its charge to the jury.

# TABLE OF CONTENTS

I.   General Instructions ............................................................................................ 1

REQUEST A.   Duty of the Court ................................................................................ 1

REQUEST B.   Duty of the Jury ................................................................................. 1

REQUEST C.   Duty of Impartiality ........................................................................... 3

REQUEST D.   Presumption of Innocence and Burden of Proof ................................ 4

REQUEST E.   Reasonable Doubt ............................................................................... 4

REQUEST F.   Direct and Circumstantial Evidence ................................................... 5

REQUEST G.   Witness Credibility ............................................................................ 6

      *1.   Cooperating Witnesses* ................................................................... 7

      *2.   Immunized Witnesses* [if applicable] ............................................. 8

      *3.   Character/Opinion Witnesses* [if applicable] ................................. 9

REQUEST H.   Defendant's Right Not to Testify ...................................................... 10

REQUEST I.   Multiple Defendants ......................................................................... 10

II.  Substantive Instructions ................................................................................... 11

REQUEST A.   Multiple Counts ............................................................................... 11

REQUEST B.   Count Two:  Securities Fraud Elements ........................................... 11

REQUEST C.   Count Two:  First Element (Fraudulent Act) .................................... 12

REQUEST D.   Count Two: Second Element (Knowledge, Intent, and Willfulness).............. 15

REQUEST E.   Count Two: Third Element (Interstate Commerce) ............................ 16

REQUEST F.   Count One: Conspiracy Elements ...................................................... 17

REQUEST G.   Count One:  First Objective of the Conspiracy (Securities Fraud) ................. 20

REQUEST H.   Count One: Second Objective of Conspiracy
(False SEC Statements)....................................................................... 21

REQUEST I.   Count One: Third Objective of Conspiracy
(Improperly Influencing Audits).......................................................... 22

REQUEST J.   Consider Only The Charges ............................................................... 23

REQUEST K.   Good Faith ........................................................................................ 24

REQUEST L.   Sales Practices .................................................................................. 26

REQUEST M.   Generally Accepted Accounting Principles ....................................... 26

REQUEST N.   Venue ................................................................................................ 28

III. Concluding Instructions ................................................................................... 30

REQUEST A.   Selection of Foreperson; Right to See Exhibits
and Hear Testimony; Communications with Court ........................................ 30

REQUEST B.   Verdict; Need for Unanimity; Duty to Consult**...............................................** **31**

## I.   GENERAL INSTRUCTIONS[1]

### REQUEST A. DUTY OF THE COURT

We are now approaching the most important part of this case, your deliberations.  You have heard all of the evidence in the case, as well as the final arguments of the lawyers for the parties. Before you retire to deliberate, it is my duty to instruct you as to the law that will govern your deliberations.  These are the final and binding instructions, which entirely replace the preliminary instructions I gave you earlier.  As I told you at the start of this case, and as you agreed, it is your duty to accept my instructions of law and apply them to the facts as you determine them.

Regardless of any opinion that you may have as to what the law may be or ought to be, it is your sworn duty to follow the law as I give it to you.  Also, if any attorney or other person has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

Because my instructions cover many points, I have provided each of you with a copy of them not only so that you can follow them as I read them to you now, but also so that you can have them with you for reference throughout your deliberations.  In listening to them now and reviewing them later, you should not single out any particular instruction as alone stating the law, but you should instead consider my instructions as a whole.

### REQUEST B. DUTY OF THE JURY

Your duty is to decide the fact issues in the case and arrive, if you can, at a verdict.  You, the members of the jury, are the sole and exclusive judges of the facts.  You pass upon the weight

---

[1] Unless otherwise noted, all General Instructions are adapted from The Court's Instructions of Law to the Jury in *United States v. Lumiere*, No. 1:16-CR-483-JSR (S.D.N.Y. January 19, 2017), ECF No. 80 at 103–14; *United States v. Margulies*, 1:17-CR-638-JSR (S.D.N.Y. August 13, 2019), ECF No. 203 at 91–100; *United States v. Gupta,* No. 1:11-CR-907-JSR (S.D.N.Y. June 18, 2012), ECF No. 102 at 2–14.

of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you determine them.

In determining the facts, you must rely upon your own recollection of the evidence.  To aid your recollection, we will send you at the start of your deliberations all the exhibits received in evidence, plus an index to help you locate particular exhibits.  Finally, if you need to review particular items of testimony, we can arrange to provide them to you in transcript or read-back form.

Please remember, however, that none of what the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions, is evidence.  Nor is anything I said during the trial evidence.  The evidence before you consists of just three things: the testimony given by witnesses that was received in evidence, the exhibits that were received in evidence, and the stipulations of the parties that were received in evidence.

Testimony consists of the answers that were given by the witnesses to the questions that were permitted.  Please remember that questions, although they may provide the context for answers, are not themselves evidence; only answers are evidence, and you should therefore disregard any question to which I sustained an objection.  Also, you may not consider any answer that I directed you to disregard or that I directed be stricken from the record.  Likewise, you may not consider anything you heard about the contents of any exhibit that was not received in evidence.

Furthermore, you should be careful not to speculate about matters not in evidence.  For example, there is no legal requirement that the government prove its case through a particular witness or particular kind of evidence, or by use of a particular law enforcement technique.  Nor

should you speculate about why one or another person whose name may have figured in the evidence is not part of this trial or what his or her situation may be.  Also, as I previously instructed you, you should continue to turn away from any media article or report about this case or about the people, companies, or issues referred to during this trial, and not be affected by any outside information from any source whatsoever.  In other words, your focus should be entirely on assessing the evidence that was presented here for your consideration, and on nothing else.

It is the duty of the attorney for each side of a case to object when the other side offers testimony or other evidence that the attorney believes is not properly admissible.  Counsel also have the right and duty to ask the Court to make rulings of law and to request conferences at the side bar out of the hearing of the jury.  You should not show any prejudice against any attorney or party because the attorney objected to the admissibility of evidence, asked for a conference out of the hearing of the jury, or asked me for a ruling on the law.

I also ask you to draw no inference from my rulings or from the fact that upon occasion I asked questions of certain witnesses.  My rulings were no more than applications of the law and my questions were only intended for clarification or to expedite matters.  You are expressly to understand that I have no opinion as to the verdict you should render in this case.

### REQUEST C. DUTY OF IMPARTIALITY

You are to perform your duty of finding the facts without bias or prejudice as to any party.  You are to perform your final duty in an attitude of complete fairness and impartiality.  You are not to be swayed by rhetoric or emotional appeals.

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded any other party.  By the same token, it is entitled to no less consideration.  All parties, whether the government or individuals, stand as equals at the bar of justice.

Please also be aware that the question of possible punishment is the province of the judge, not the jury, and therefore it should not in any way enter into or influence your deliberations.  Your duty is to weigh the evidence and not be affected by extraneous considerations.

It must be clear to you that if you were to let bias, or prejudice, or fear, or sympathy, or any other irrelevant consideration interfere with your thinking, there would be a risk that you would not arrive at a true and just verdict.  So do not be guided by anything except clear thinking and calm analysis of the evidence.

### REQUEST D. PRESUMPTION OF INNOCENCE AND BURDEN OF PROOF

The defendants here, Parker (or Pete) Petit and William Taylor, are charged with the federal crimes about which I will instruct you shortly.  Please bear in mind, however, that the charges, or "counts" as they are called, are not themselves evidence of anything.

The defendants have pled not guilty.  To prevail against the defendants on a given charge, the government must prove each essential element of that charge beyond a reasonable doubt.  If the government succeeds in meeting its burden, your verdict should be guilty on that charge; if it fails, your verdict must be not guilty on that charge.  This burden never shifts to the defendants, for the simple reason that the law presumes a defendant to be innocent until proven guilty and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

In other words, as to each charge, each defendant starts with a clean slate and is presumed innocent until such time, if ever, that you as a jury are satisfied that the government has proven that he is guilty of that charge beyond a reasonable doubt.

### REQUEST E. REASONABLE DOUBT

In order to convict a defendant of a given charge, the government is required to prove that charge beyond a reasonable doubt, so the question then is: what is a reasonable doubt?  The words

almost define themselves.  A reasonable doubt is a doubt based upon reason.  It is a doubt that a reasonable person has after carefully weighing all of the evidence.  It is a doubt that would cause a reasonable person to hesitate to act in a matter of importance in his or her personal life.  Proof beyond a reasonable doubt must, therefore, be proof of a convincing character that a reasonable person would not hesitate to rely upon in making an important decision.

A reasonable doubt is not caprice or whim.  It is not speculation or suspicion.  It is not an excuse to avoid the performance of an unpleasant duty.  The law does not require that the government prove guilt beyond all possible doubt: proof beyond a reasonable doubt is sufficient to convict.

If, after fair and impartial consideration of the evidence, you have a reasonable doubt as to the either of the defendants' guilt with respect to a particular charge against him, you must find the defendant not guilty of that charge.  On the other hand, if after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of a defendant's guilt with respect to a particular charge against him, you should not hesitate to find that defendant guilty of that charge.

### REQUEST F. DIRECT AND CIRCUMSTANTIAL EVIDENCE

In deciding whether or not the government has met its burden of proof, you may consider both direct evidence and circumstantial evidence.

Direct evidence is evidence that proves a disputed fact directly.  For example, where a witness testifies to what he or she saw, heard or observed, that is called direct evidence.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other facts.  To give a simple example, suppose that when you came into the courthouse today the sun was shining and it was a nice day, but the courtroom blinds were drawn and you could not look outside.  Then later, as you were sitting here, someone walked in with a dripping wet umbrella

and, soon after, somebody else walked in with a dripping wet raincoat.  Now, on our assumed

facts, you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So

you have no direct evidence of that fact.  But, on the combination of the facts about the umbrella

and the raincoat, it would be reasonable for you to infer that it had begun raining.

That is all there is to circumstantial evidence.  Using your reason and experience, you infer

from established facts the existence or the nonexistence of some other fact.  Please note, however,

that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence.  Circumstantial

evidence is of no less value than direct evidence, and you may consider either or both, and may

give them such weight as you conclude is warranted.

### REQUEST G. WITNESS CREDIBILITY

It must be clear to you by now that counsel for the government and counsel for the

defendants are asking you to draw very different conclusions about various factual issues in the

case.  Deciding these issues will involve making judgments about the testimony of the witnesses

you have listened to and observed.  In making these judgments, you should carefully scrutinize all

of the testimony of each witness, the circumstances under which each witness testified, and any

other matter in evidence that may help you to decide the truth and the importance of each witness's

testimony.

Your decision whether or not to believe a witness may depend on how that witness

impressed you.  How did the witness appear?  Was the witness candid, frank, and forthright; or,

did the witness seem to be evasive or suspect in some way?  How did the way the witness testified

on direct examination compare with how the witness testified on cross-examination?  Was the

witness consistent, or contradictory?  Did the witness appear to know what he or she was talking

about?  Did the witness strike you as someone who was trying to report his or her knowledge

accurately?   These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the government or the defendant that may affect how he or she testified?  Does the witness have some incentive, loyalty, or motive that might cause him or her to shade the truth?  Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

Please bear in mind, however, that the fact that certain witnesses met with the government in preparation for their testimony, while declining to meet with the defense, is not necessarily evidence of any bias.  While any witness can be subpoenaed to testify by either side, no witness is required to meet with either side in advance of testifying.  Also, it is routine for a witness to meet with counsel for the party that is calling that witness in advance.  Nonetheless, you may, if you wish, consider any and all circumstances of a witness's preparation as bearing on bias, or not, as you choose.

### 1.   *Cooperating Witnesses*

You have heard testimony from witnesses—[____] and [____]—who have entered into agreements to cooperate with the government in the hope of obtaining benefits, or have immunity from prosecution.   You may not draw any conclusions or inferences about the guilt of the defendants from the fact that a cooperating witness admitted guilt to crimes that may be similar or related to the crimes charged against the defendants, as a witness's decision to admit guilt was a personal decision about his own guilt and not anyone else's.  The law does not permit a defendant to be found guilty simply based on his association with some guilty party.

In all other respects, however, the law permits the use of testimony from such witnesses. Indeed, such testimony, if found truthful by you, may be sufficient in itself to warrant conviction if it convinces you of a defendant's guilt beyond a reasonable doubt. However, the law requires that the testimony and motives of cooperating witnesses be scrutinized with particular care and caution. After carefully scrutinizing the testimony of a cooperating witness and taking account of its special features, you may give it as little or as much weight as you deem appropriate.

2.  *Immunized Witnesses*[2] [if applicable]

You have heard the testimony of [a witness/witnesses] who [has/have] testified under a grant of immunity from this court. What this means is that the testimony of the witness may not be used against him in any criminal case, except a prosecution for perjury, giving a false statement, or otherwise failing to comply with the immunity order of this court.

Although it is the Court that confers immunity upon a witness, it may only do so if the government makes a request for such immunity for a witness. The Court may not confer immunity on a person in response to a request from a defendant. The ability to give immunity to one witness but not another is a potentially powerful tool for a prosecutor, particularly in light of the prosecutor's ability to create incentives for witnesses to invoke the privilege against self-incrimination.

It is the law in the federal courts that such testimony may be enough, standing alone, for conviction if the jury finds that the testimony establishes guilt beyond a reasonable doubt. However, the testimony of a witness who has been granted immunity should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether it is colored in such a way as to place guilt on the defendant you are considering

---

[2] Adapted from *United States v. Ebbers*, 458 F.3d 110, 118–19 (2d Cir. 2006).

in order to further the witness' own interests; because such a witness, confronted with the realization that he can win his own freedom by helping to convict another, has a motive to falsify his testimony.  If you believe the testimony to be true, and determine to accept the testimony, you may give it such weight, if any, as you believe it deserves.

### 3.    *Character/Opinion Witnesses*[3] [if applicable]

The defendant has called several witnesses who, although having no personal knowledge of the transactions at issue in this case, gave their opinions of the defendant's general character. This testimony is not to be taken by you as the witnesses' opinion as to whether the defendant is guilty or not guilty of the crimes charged; but you may consider this character evidence, together with all the other facts and all the other evidence in the case, and give it such weight as you deem appropriate.

Accordingly, if, after considering the evidence including testimony about the defendant's character, you find that a reasonable doubt has been created, you must acquit the defendant of the charges.

\*\*\*

Going back to witnesses generally, you should also consider whether a witness had an opportunity to observe the facts he testified about.  Also, as to all witnesses, you should consider whether the witness's recollection of the facts stands up in light of the other evidence in the case.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter where you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

---

[3] Adapted from *Gupta,* No. 1:11-CR-907-JSR, ECF No. 102 at 11–12, and 1 Sand et al., *supra*, ¶ 5.06, Instr. 5-14.

## REQUEST H. DEFENDANT'S RIGHT NOT TO TESTIFY

Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. A defendant is never required to prove that he or she is innocent.

Therefore, you must not attach any significance to the fact that the defendant did not testify. No adverse inference against the defendant may be drawn by you because he did not take the witness stand, and you may not consider it against the defendant in any way in your deliberations in the jury room.

## REQUEST I. MULTIPLE DEFENDANTS[4]

There are two defendants on trial before you.  Each has been charged with the same crimes. You must return a separate verdict of guilty or not guilty for each defendant.

In reaching your verdict, bear in mind that guilt is personal and is individual. Your verdict must be based solely on the evidence about each defendant. The case against each defendant stands or falls upon the proof or lack of proof against that defendant alone and your verdict as to one defendant should not influence your decision as to the other defendant.

In addition, some of the evidence in this case was limited to one defendant.  Let me emphasize that any evidence admitted solely against one defendant may be considered only as against that defendant and may not in any respect enter into your deliberations on the other defendant.

---

[4]  Adapted from 1 Sand et al., *supra*, ¶ 3.01, Instr. 3-7.

## II.      SUBSTANTIVE INSTRUCTIONS

### REQUEST A. MULTIPLE COUNTS[5]

With these general instructions in mind, let us turn to the specific charges against Mr. Petit and Mr. Taylor.  These charges were originally set forth in what is called an indictment, which is simply a charging instrument and is not itself evidence, so it will not be presented to you.

The indictment in this case contains two counts, and each count charges a different crime. You must consider each count separately and return a separate verdict of guilty or not guilty for each.  Whether you find the defendant you are considering guilty or not guilty as to one offense should not affect your verdict as to any other offense charged.

I will, for convenience, refer to each count by the number assigned to it in the indictment, but there is no significance to the order of these numbers, and my instructions will follow a different order than the order in which the various counts appear in the indictment.

Specifically, we will first consider Count Two, which charges the defendants with securities fraud; then Count One, which charges the defendants with conspiracy to commit securities fraud, make false filings with the SEC, and improperly influence the conduct of audits.

### REQUEST B. COUNT TWO:  SECURITIES FRAUD ELEMENTS[6]

I will start by instructing you on Count Two, which charges the defendants with securities fraud in connection with the sale or purchase of MiMedx stock.  Before a defendant can be convicted of securities fraud, the government must prove the following three elements beyond a reasonable doubt:

---

[5]   Adapted from The Court's Instructions of Law to the Jury in *Lumiere*, No. 1:16-CR-483-JSR, ECF No. 80 at 114-15; *United States v. Whitman*, No. 1:12-cr-125-JSR (S.D.N.Y. Aug. 17, 2012), ECF No. 102 at 14; *Gupta,* No. 1:11-CR-907-JSR, ECF No. 102 at 14.

[6]   Adapted from The Court's Instructions of Law to the Jury in *Lumiere*, No. 1:16-CR-483-JSR, ECF No. 80 at 119; 2 Sand, *supra*, ¶ 57.03, Instr. 57-18, 57-20.

*First*, that in connection with the purchase or sale of MiMedx stock the defendant 1) participated in the scheme or artifice to defraud, or 2) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller, or 3) made an untrue or misleading statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading.[7]

*Second*, that the defendant acted willfully, knowingly, and with the intent to defraud.

*Third*, that the defendant knowingly used, or caused to be used, any means or instruments of transportation or interstate communication in interstate commerce or the use of the mails.

We will now discuss each of these elements in more detail.

### REQUEST C. COUNT TWO:  FIRST ELEMENT (FRAUDULENT ACT)[8]

The first element that the government must prove beyond a reasonable doubt is that, in connection with the purchase or sale of MiMedx stock, the defendant did any one of the following: 1) participated in the scheme or artifice to defraud, or 2) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller, or 3) made an untrue or misleading statement of a material fact or omitted to state a material fact that made what was said, under the circumstances, misleading.  Any one will be sufficient to satisfy the first element, so long as you are unanimous as to which type of unlawful conduct you find to have been proven, and provided further that you find that the misconduct occurred in connection with the purchase or sale of a security, beyond a reasonable doubt.

I will now explain a number of the terms used in this provision.

---

[7] Indictment ¶ 68.
[8] Adapted from The Court's Instructions of Law to the Jury in *Lumiere*, No. 1:16-CR-483-JSR, ECF No. 80 at 115-16, 120-21; *United States v. Korchevsky*, 15-CR-381-RJD (E.D.N.Y. 2018), ECF No. 337 at 21-22; Jury Charge, *United States v. Block*, No. 1:16-cr-595-JPO (S.D.N.Y. June 29, 2017); 3 Sand et al., *supra*, ¶ 57.03, Instr. 57-21.

As to the first element, a "scheme to defraud" is a plan or design to obtain money or property by means of false or fraudulent pretenses, representations or promises. Fraudulent pretenses, representations or promises can take the form of outright lies, but they can also consist of misleading half-truths.

A statement, representation, claim, or document is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intention to deceive. The concealment of material facts in a manner that makes what is said or represented deliberately misleading may also be false or fraudulent statements under the statute. The failure to disclose information may also be a fraudulent representation if the defendants were under a legal, professional, or contractual duty to make such a disclosure; they actually knew they were required to make such disclosure; and they failed to make such disclosure with the intent to defraud. With regard to the misrepresentations and omissions that the government alleges, you must determine whether the statements were true or false when made, and, in the case of alleged omissions, whether the omissions were misleading.

However, the lies or misrepresentations must relate to a material fact, that is, information that a reasonably prudent investor would consider important in making an investment decision. Practically this means that if you find a particular statement of fact or omission to have been untruthful or misleading, before you can find that statement or omission to be material, you must also find that the statement or omission was one that would have mattered to a reasonable person in making such an investment decision.

The securities fraud statute does not prohibit misstatements that would be minor, trivial, obvious, or unimportant to a reasonable investor. The word "material" is used to distinguish the kinds of statements that are important enough that there is a substantial likelihood that a reasonable

investor would have found the truth significant in making an investment decision from those that would be of no real importance to that investor. The government must prove beyond a reasonable doubt that the false statement was of such importance that it could reasonably be expected to cause or induce a reasonable investor to act or not act with respect to the transaction at issue.

The requirement that a defendant's alleged fraud or false statement be in connection with the purchase or sale of a security is satisfied if you find that the misconduct had some relation to or nexus with a securities transaction. You need not find that the defendants personally participated in any securities transaction.[9]

It is no defense to an overall scheme to defraud that the defendants were not involved in the scheme from its inception, did not know all of the scheme's details or played only a minor role with no contact with the investors and purchasers of the securities in question. Even if a defendant participated in the scheme to a lesser degree than others, he is equally guilty so long as that defendant became a member of the scheme to defraud with knowledge of its scope and purpose.

Similarly, the government need not prove that the defendants personally made any false statements or misrepresentations or that they omitted the material fact. It is sufficient if the government establishes that the defendants caused the statement to be made or the fact to be omitted, and it was material.

It is not a defense to say that the misrepresentation or omission would not have deceived sophisticated investors. Nor does it matter whether the alleged unlawful conduct was successful

---

[9] This paragraph omits the following language from 3 Sand et al., *supra*, ¶ 57.03, Instr. 57-21: "Fraudulent conduct may be 'in connection with' the purchase or sale of securities if you find that the alleged fraudulent conduct 'touched upon' a securities transaction." The Second Circuit has explained that this formulation has caused "difficulty," was simply "a matter of literary style," and was synonymous with the phrase "in connection with," in any event. *See Chem. Bank v. Arthur Andersen & Co.*, 726 F.2d 930, 942 (2d Cir. 1984).

or not, or that the defendant profited or received any benefits as a result of the alleged scheme. Success is not an element of the crime charged. However, if you find that the defendant did profit from the alleged scheme, you may consider that in relation to the second element of intent, which I will discuss in a moment.

### REQUEST D. COUNT TWO: SECOND ELEMENT (KNOWLEDGE, INTENT, AND WILLFULNESS)[10]

The second element that the government must establish beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully, and with intent to defraud.

To act "knowingly" means to act consciously and voluntarily, rather than by mistake or accident or mere inadvertence. This includes, among other things, a requirement that the defendant had knowledge that he was engaged in a fraudulent scheme. It is not enough if the defendant acted out of mere negligence, foolishness or mistake. The defendant must have had a conscious purpose to avoid learning the truth.

To act "willfully" means to act deliberately and purposely, with an intent to do something the law forbids; that is to say, with a bad purpose either to disobey or to disregard the law. To act with a specific "intent to defraud" goes further and requires that the defendant intended to deceive investors or potential investors.

Since an essential element of the crime charged is intent to defraud, it follows that a defendant's good faith is a complete defense to a charge of securities fraud and the conspiracy charge I will describe to you later. This includes good faith reliance on the advice of accountants. If a defendant believed in good faith that he was acting properly, even if he was mistaken in that

---

[10] Adapted from The Court's Instructions of Law to the Jury in *Lumiere*, No. 1:16-CR-483-JSR, ECF No. 80 at 115-16, 117-18, 121; 3 Sand et al., *supra*, ¶ 57.03, Instr. 57-24.

belief, and even if others were injured by his conduct, there would be no crime.  A defendant, moreover, has no burden to establish a defense of good faith.  The burden is on the government to prove criminal intent and lack of good faith beyond a reasonable doubt.  I will instruct you further on good faith shortly.

To conclude on this element, if you find that a defendant was not a knowing participant in the alleged scheme or lacked the intent to deceive, you must acquit that defendant.  On the other hand, if you find that the government has established beyond a reasonable doubt not only the first element, namely, the existence of a scheme to defraud, but also this second element, that a defendant was a knowing participant and acted with intent to defraud, then you must consider whether the government has established the third element, on which I will instruct you now.

### REQUEST E. COUNT TWO: THIRD ELEMENT (INTERSTATE COMMERCE)[11]

With respect to the third element of securities fraud, the government must prove beyond a reasonable doubt that the defendant knowingly used, or caused to be used, at least one instrumentality of interstate commerce, such as an interstate telephone call or a use of the mails or use of a facility of the National Securities Exchange in furtherance of the scheme to defraud or the fraudulent conduct.

It is not necessary that the communication itself contain a fraudulent representation. Moreover, the use of the mails need not be central to the execution of the scheme and may even be incidental to it, as long as the communications have some relation to the object of the scheme. Also, it is not necessary for a given defendant to be directly or personally involved in sending the communication, as long as the communication was reasonably foreseeable in the execution of the scheme to defraud.

---

[11] Adapted from The Court's Instructions of Law to the Jury in *Lumiere*, No. 1:16-CR-483-JSR, ECF No. 80 at 122; 3 Sand et al., *supra*, ¶ 57.03, Instr. 57-25.

The government need not prove every use of an instrumentality of interstate commerce alleged in the indictment.  You must, however, be unanimous as to at least one.

### REQUEST F. COUNT ONE: CONSPIRACY ELEMENTS[12]

Let us now turn to Count One of the indictment, which alleges that between 2015 and 2016, Mr. Petit, Mr. Taylor and others willfully and knowingly conspired to commit three offenses, specifically:  1) securities fraud; 2) making false and misleading statements of material facts in documents required to be filed with the SEC under federal law and regulations; and 3) improperly influencing the conduct of audits.[13]

In order for the government to sustain its burden of proof with respect to conspiracy, it must prove beyond a reasonable doubt each of the following three elements: first, that such a conspiracy existed; second, that each defendant knowingly and willfully joined and participated in the conspiracy; and third, that at least one of the co-conspirators committed an overt act in furtherance of the conspiracy.

With respect to the ***first element***, a "conspiracy" is an agreement or an understanding, explicit or implicit, of two or more persons to accomplish by concerted action one or more unlawful purposes.  In this case, the unlawful purposes alleged to be the objects of the conspiracy are securities fraud, making false and misleading statements of material facts in documents required to be filed with the SEC, and improperly influencing the conduct of audits.   The conspiracy alleged here is, therefore, an agreement to commit any one of these three objectives. You need not find beyond a reasonable doubt that the defendants conspired to achieve all three

---

[12] Adapted from The Court's Instructions of Law to the Jury in *Lumiere*, No. 1:16-CR-483-JSR, ECF No. 80 at 123-28; 1 Sand et al., *supra*, Instr. ¶ 19.01, 19-3S (adapted from the charge of Judge Rakoff in *United States v. Rodin*, No. 1:03-cr-1499-JSR (S.D.N.Y. July 15, 2005)); *Gupta,* No. 1:11-CR-907-JSR, ECF No. 102 at 20-22.
[13] Indictment §§ 62–65.

objectives, but you must nonetheless unanimously agree on which specific objective or objectives the conspirators agreed to accomplish.

Please bear in mind that conspiracy is an entirely distinct and separate offense from securities fraud. The actual commission of the object of a conspiracy is not an essential element of the crime of conspiracy. Rather, the government is required to prove beyond a reasonable doubt only that two or more persons, in some way or manner, explicitly or implicitly, came to an understanding to accomplish the unlawful objectives I just described.

Further, while it is charged in the indictment that the alleged conspiracy began in 2015 and continued through 2016, it is not necessary for the government to prove that the conspiracy started and ended on those specific dates, or that it existed throughout that period. Rather, it is sufficient to satisfy the first element that you find that a conspiracy was formed, and that it existed for any time within the charged period.

If you conclude that the government has proved beyond a reasonable doubt that the charged conspiracy existed, you must then consider the ***second element***, which is that the defendant knowingly and willfully joined and participated in the conspiracy. To prove the second element, the government must prove beyond a reasonable doubt that the defendant entered into a conspiracy and did so "knowingly" and "willfully."

To act "knowingly" means to act consciously and deliberately rather than mistakenly or inadvertently, and to act "willfully" means to act voluntarily, purposely and with an intent to defraud. Thus, a defendant enters into a conspiracy "knowingly and willfully" if he joins the conspiracy deliberately, purposefully and with an intent to defraud, rather than in good faith. If you find beyond a reasonable doubt that a defendant joined in a conspiracy, and did so knowingly and willfully, then this second element is satisfied.

It is not necessary, however, that a defendant be fully informed of all the details of the conspiracy, in order to justify an inference of participation on his part.  Nor does a given defendant need to know the full extent of the conspiracy or all of its participants.

It is not necessary that a defendant receive any monetary benefit from participating in the conspiracy.  All that is necessary is proof beyond a reasonable doubt that a defendant knowingly and willfully joined in the conspiracy for purposes of furthering one or both of its unlawful objects.

A defendant also need not have joined the conspiracy at the outset.  A defendant may have joined it at any time in its progress, and he will still be held responsible for what was done before joined, as well as what was done during his participation in the conspiracy.  The law does not require that each conspirator have an equal role in the conspiracy.  Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy, if it meets the essential requirements I have described.

However, I want to caution that a defendant's mere association with another person does not make the defendant a member of the conspiracy even if the defendant knows that the other person is taking part in the conspiracy.  In other words, knowledge without participation is not enough.  What is necessary is that a defendant participated in the conspiracy with knowledge of its unlawful purpose and with intent to aid in the accomplishment of its unlawful purpose.

Finally, with respect to the ***third element***, the government must show beyond a reasonable doubt that at least one of the co-conspirators perform at least one overt act in furtherance of the conspiracy.  An overt act in furtherance of the conspiracy may be any act of any kind taken toward effectuating the conspiracy in any respect.  Thus, for example, if two persons conspire to commit a fraud and one of them makes a telephone call to get the fraud going, the overt act requirement is

met even if the fraud is never otherwise carried out.[14]  Although the government need not prove every overt act alleged in the indictment, you must unanimously agree on which specific act or acts the government has proved beyond a reasonable doubt.

As I have mentioned, the government alleged three different objectives of the conspiracy, each of which is a crime defined under federal law.  I will now explain the elements of each of these alleged objectives of the conspiracy to you.  I will remind you that conspiracy is an entirely distinct and separate offense from the underlying substantive offenses, and the actual commission of the objective of the conspiracy is not an essential element of the crime of conspiracy.  Rather, you must find beyond a reasonable doubt that the conspirators agreed to undertake a course of conduct that meets all of the essential elements of the underlying substantive offense.

### REQUEST G. COUNT ONE:  FIRST OBJECTIVE OF THE CONSPIRACY (SECURITIES FRAUD)[15]

The first alleged objective of the conspiracy is to commit securities fraud.  I have already instructed you on the substantive crime of securities fraud.  The securities fraud that is alleged to be the objective of the conspiracy is the scheme to mislead MiMedx investors by reporting inflated revenue that is alleged in Count Two of the indictment.

To prove that this was an objective of the conspiracy, the government must prove beyond a reasonable doubt that the purpose of the conspiracy was to commit securities fraud, and that the defendants knowingly and willfully joined that conspiracy.  Again, with respect to this conspiracy count, as with all conspiracy counts, the government need not prove that the object offense or offenses were committed, but only that the defendant conspired to commit the offense.

---

[14] The example in this sentence is taken from The Court's Instructions of Law to the Jury in *United States v. Pinto-Thomaz*, 1:18-CR-579-JSR (S.D.N.Y. April 26, 2019), ECF No. 139 at 23.
[15]  Adapted from The Court's Instructions of Law to the Jury in *Gupta*, No. 1:11-cr-907-JSR, ECF No. 102 at 20.

### REQUEST H. COUNT ONE: SECOND OBJECTIVE OF CONSPIRACY (FALSE SEC STATEMENTS)[16]

The second alleged objective of conspiracy is making, or causing to be made, false statements in reports and documents required to be filed with the SEC. To prove that this was an objective of the conspiracy, the government must prove beyond a reasonable doubt that the defendants undertook a scheme that meets or would meet the following five elements of the offense:

*First*, that MiMedx was required by the Securities Exchange Act of 1934 to file the documents charged in this count of the indictment with the SEC. The SEC requires public companies to file quarterly reports, or Form 10-Qs, for each of the first three quarters of every fiscal year and an annual report, or Form 10-K, for the entire fiscal year. The SEC also requires public companies to file a current report on Form 8-K for, among other reasons, public announcements or releases that disclose material non-public information regarding the company's results of operations or financial condition for a completed quarterly or annual fiscal year period. If you find that shares of MiMedx were publicly traded, then MiMedx was required to file annual, quarterly, and periodic reports with the SEC.

*Second*, that the particular document or documents alleged in the indictment contained a false or misleading statement of fact. A statement is "false" if it was untrue when made, and known at the time to be untrue by the person making it or causing it to be made. A statement is misleading if it is either an untrue statement as to a material fact or if it omits to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

---

[16] Adapted from Jury Charge in *Block*, No. 1:16-cr-595-JPO (Tr. 2509–11); *Amanat*, No. 1:15-cr-536-PGG, ECF No. 847 at 63–65.

*Third*, it is not enough that the statement was false or misleading, you must also find that the defendant acted knowingly, willfully, and with intent to deceive.  I have already defined these terms for you, and the same definitions apply here.

*Fourth*, that the false or misleading statement of fact was material, meaning it would have been important to a reasonable investor in relying upon the statement in making an investment decision.

*Fifth*, that the defendant made or caused to be made that false or misleading statement of material fact.  In this regard, each defendant need not have physically made or caused to be made the alleged false or misleading statement.  It is sufficient to establish this element of the offense if the government proves beyond a reasonable doubt that Mr. Petit and Mr. Taylor agreed that they or a co-conspirator would cause that false or misleading statement of material fact to be made in the SEC report at issue.

As I have instructed you previously, good faith on the part of a defendant is a complete defense to a charge of conspiracy based on filing false statements with the SEC.  The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

### REQUEST I. COUNT ONE: THIRD OBJECTIVE OF CONSPIRACY (IMPROPERLY INFLUENCING AUDITS)[17]

The third alleged objective of the conspiracy was to take actions to fraudulently influence, coerce, manipulate, and mislead independent public and certified accountants engaged in the performance of audits of MiMedx's financial statements.[18]  To prove that this was an objective of

---

[17] Adapted from Jury Instructions in *Amanat*, No. 1:15-cr-536-PGG, ECF No. 847 at 65–66.
[18] Indictment ¶ 65.

the conspiracy, the government must prove beyond a reasonable doubt that the defendant undertook a scheme that meets or would meet the following three elements of the offense:

*First*, that one of the conspirators was a director or officer of a corporation whose securities are publicly traded.

*Second*, that one of the co-conspirators made or caused to be made a materially false or misleading statement to an auditor in connection with an audit or an examination of MiMedx's financial statements or the preparation of any document or report required to be filed with the SEC. My previous instructions regarding falsity and materiality apply here, except that you should consider whether the false or misleading statement would have been material to a reasonable auditor.[19]

*Third*, that the defendant acted willfully.  I have already defined "willfully" for you, and the same definition applies here.

My instructions regarding good faith, which I will turn in a few moments, also apply here.

### REQUEST J. CONSIDER ONLY THE CHARGES[20]

The defendant is not charged with committing any crime other than the offenses in the indictment. You have heard evidence of other acts allegedly committed by the defendant. When that evidence was introduced, I instructed you that it was to be considered by you solely for a limited purpose.  I will explain that limited purpose again in a moment.  But I want to emphasize to you now that you are not to consider that evidence for any other purpose and you are only to return a verdict as to the charges contained in the indictment.

---

[19] *See SEC v. Straub*, 921 F. Supp. 2d 244, 268 (S.D.N.Y. 2013) (Sullivan, J.) (adopting "reasonable auditor" standard).
[20] Adapted from 1 Sand et al., *supra*, ¶ 3.01, Instr. 3-3; ¶ 5.10, Instr. 5-25, 5-26.

Let me remind you that the defendant you are considering is not on trial for committing any act not alleged in the indictment.  Accordingly, you may not consider evidence of a similar act as a substitute for proof that the defendant you are considering committed the crime charged.  Nor may you consider this evidence as proof that the defendant you are considering has a criminal personality or bad character.  Evidence of the other, similar act was admitted for a much more limited purpose, and you may consider it only for that limited purpose.

If you determine that the defendant you are considering committed the acts charged in the indictment and the similar acts as well, then you may, but you need not draw an inference that in doing the acts charged in the indictment, the defendant you are considering acted knowingly and intentionally and not because of some mistake, accident or other innocent reasons, or that the crimes charged in the indictment were part of a common scheme or plan with the uncharged acts.

Evidence of similar acts may not be considered by you for any other purpose.  Specifically, you may not use this evidence to conclude that because the defendant you are considering committed the other act he must also have committed the acts charged in the indictment.

### REQUEST K. GOOD FAITH[21]

In considering the charges alleged in this case, you must consider whether the defendant acted in good faith.  As I mentioned earlier, good faith is a complete defense to the charges in this case.

Count One charges each defendant with securities fraud.  Good faith on the part of a defendant is a complete and absolute defense to this charge because it would be inconsistent with acting knowingly and with the intent to defraud.  If a defendant believed in good faith that he was

---

[21] Adapted from the Jury Charge in *Block*, No. 1:16-cr-595-JPO (S.D.N.Y. June 29, 2017) (Tr. 2536–37); *see also Lumiere*, No. 1:16-CR-483-JSR, ECF No. 80 at 118; The Court's Instructions of Law to the Jury, *United States v. Adelson*, 2:05-CR-325-JSR (Feb. 21, 2006), Docket No. 67 at 23; 1 Sand et al., *supra*, ¶ 8.01, Instr. 8-1.

acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

Count Two charges each defendant with entering into a conspiracy knowing the conspiracy's objective was to commit an offense against the United States.  Good faith on the part of a defendant is a complete and absolute defense to this count as well because it is simply inconsistent with an unlawful intent to join a conspiracy.  If a defendant believed in good faith that he was acting properly, even if he was mistaken in that belief, and even if others were injured by his conduct, there would be no crime.

An honest mistake of judgment or negligence is not unlawful intent, and a defendant who acts on such a basis can still be acting in good faith.  A defendant who believes in good faith that his actions comply with the law cannot be found guilty of the crimes charged in this case.  A statement made with good faith belief in its accuracy does not amount to a false statement and is not a crime.  This is so even if the statement is, in fact, erroneous.  Similarly, simple incompetence or corporate mismanagement is not a crime.[22]  Therefore, if you find that a defendant believed he was acting in accordance with the law, he cannot be found to have acted with the required intent, and you must find him not guilty.

The burden of establishing criminal intent and lack of good faith rests upon the government.   The defendants are under no burden to prove their good faith.   Rather, the government must prove knowledge, criminal intent, and a lack of good faith on the part of the defendant beyond a reasonable doubt.  If the evidence leaves you with a reasonable doubt as to whether a defendant acted in good faith, then you must find that defendant not guilty.

---

[22] *See Santa Fe Indus., Inc. v. Green*, 430 U.S. 462, 477, 479 (1977).

## REQUEST L. SALES PRACTICES

You have heard evidence that MiMedx employees, including Mr. Petit and Mr. Taylor, engaged in certain sales tactics or efforts at the ends of fiscal quarters to close sales and meet the company's quarterly revenue guidance.  You heard evidence that such sales practices included offering discounts or incentives to customers, or offering customers the ability to return or exchange products.  Offering such incentives to meet sales or earnings goals is a common business practice and is not illegal.[23]

## REQUEST M. GENERALLY ACCEPTED ACCOUNTING PRINCIPLES[24]

You have heard references during the trial to generally accepted accounting principles, commonly known by the acronym "GAAP."  Specifically, the government has argued that Mr. Petit and Mr. Taylor knowingly, willfully, and with intent to defraud recognized revenue from sales to distributors in violation of the following GAAP sources: 1) SEC Staff Accounting Bulletin

---

[23] *See In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 566 (S.D.N.Y. 2004) ("[O]ffering incentives to meet goals, aggressive or not, is not suspect when . . . 'real products [were] shipped to real customers who then paid with real money.' . . . Offering incentives to meet sales or earnings goals is a common practice, and, without additional allegations not present here, the allegation that the sales at issue were made pursuant to incentives to meet goals set by management is an insufficient basis on which to infer conscious misbehavior or recklessness."); *United States v. Goyal*, 629 F.3d 912, 919 (9th Cir. 2010); *SEC v. Espuelas*, 698 F. Supp. 2d 415, 430 (S.D.N.Y. 2010).

[24] Adapted from the instruction that the Second Circuit approved in *United States v. Simon*, 425 F.2d 796, 805–06 (2d Cir. 1969) (Friendly, J.).  Although a GAAP violation is not an element of the offenses with which defendants have been charged, *see Rigas*, 490 F.3d 208, 222 (2d Cir. 2007), an instruction regarding the relevance of GAAP is appropriate and necessary in this case. Here, the government devotes several paragraphs of the indictment to alleging the relevant GAAP standards, MiMedx's public accounting policies modeled on those standards, and the defendants' purported knowledge of those standards.  Indictment ¶¶ 9–12.  Moreover, the indictment alleges that the recognition of revenue from the sales to Distributors-1 through -4 was fraudulent because defendants supposedly knew that such revenue could not be fully booked or book immediately under the relevant GAAP principles.  *See id.* ¶¶ 24–25, 33, 36, 38, 41, 47–48, 51, 54, 59.  An instruction on the relevance of GAAP to defendants' intent is therefore appropriate and would assist the jury in evaluating the defendants' good faith.  *See Rigas*, 490 F.3d at 220; *Ebbers*, 458 F.3d 110, 125 (2d Cir. 2006); *Simon*, 425 F.2d at 805–06.

No. 104, specifically Topic 13, Revenue Recognition, and 2) Accounting Standards Codification, Subtopic 605-15-25-1.

I will first describe GAAP to you. GAAP includes the conventions, rules, and procedures that define approved accounting practices at a particular time.[25] Bear in mind that financial accounting is not a science, and often requires judgment and estimation. These principles change over time and, even at any one point, may be indeterminate. There are multiple sources of GAAP, which may present conflicting treatments of particular accounting questions that must be resolved by consulting a hierarchy of GAAP sources.[26] Thus, accountants long have recognized that GAAP is far from being a canonical set of rules that will ensure identical accounting treatment of identical transactions. GAAP, rather, includes a range of "reasonable" treatments, leaving the choice among alternatives to management.[27]

GAAP neither establishes nor shields guilt in a securities fraud case.[28] Thus, even if you find that a defendant violated or caused others to violate GAAP, that fact alone will not establish a violation of the criminal law.[29] You may consider GAAP in determining whether a defendant acted in good faith, because a good-faith attempt to comply with GAAP, or good-faith reliance on an accountant's advice regarding GAAP, may negate the existence of an intent to deceive.[30]

---

[25] *Generally Accepted Accounting Principles*, Black's Law Dictionary (11th ed. 2019).

[26] *Shalala v. Guernsey Mem'l Hosp.*, 514 U.S. 87, 100–01 (1995).

[27] *Thor Power Tool Co. v. Comm'r*, 439 U.S. 522, 544 (1979).

[28] *See United States v. Rigas*, 490 F.3d 208, 220 (2d Cir. 2007).

[29] Adapted from Jury Instructions 36, *United States v. Goyal*, No. 3:04-CR-201-MJJ (May 3, 2007), ECF No. 248 at 36.

[30] *See Rigas*, 490 F.3d at 220; *Ebbers*, 458 F.3d at 125; *see also Vista Outdoor Inc. v. Reeves Family Tr.*, 234 F. Supp. 3d 558, 566 n.5 (S.D.N.Y. 2017) (Rakoff, J.) ("To be sure, GAAP can be probative of whether a defendant acted in 'good faith,' *i.e.*, without an intent to deceive in certain types of securities fraud actions."), *aff'd*, 725 F. App'x 17 (2d Cir. 2018).

Evidence regarding GAAP may be helpful but not necessarily conclusive evidence that a defendant acted in good faith, and that certain statements and representations were not materially false or misleading.[31]  The weight and credibility you give such evidence should depend, among other things, on the following considerations: 1) the authoritativeness of the GAAP standards that the parties have relied upon in this case; 2) the extent to which those standards contemplate, deal with, and apply to the circumstances you found to have existed here; 3) the weight you give to the expert opinion evidence, if any, offered by the parties.  As to that last consideration, you should consider the definiteness with which the experts testified, the reasons given for their opinions, and any other facts you find to bear on their credibility.

Remember that the determination of good faith is yours to make, and you are not required to accept any expert witness's evaluation of a defendant's good faith.[32]  Bear in mind also that the government is not required to present an accounting expert to negate the defendants' good faith, but may instead do so through other witnesses and evidence, so long as it establishes intent and the corresponding lack of good faith beyond a reasonable doubt.[33]

### REQUEST N. VENUE[34]

In addition to the foregoing elements of the offenses, the government must prove, for each offense, that venue is proper in the Southern District of New York.  The Southern District of New York is the judicial district that includes Manhattan and the Bronx, and several other counties not relevant here.

---

[31] *Simon*, 425 F.2d at 806.
[32] *Id.* at 805–06.
[33] *See Rigas*, 490 F.3d at 220–21; *Ebbers*, 458 F.3d at 125–26.
[34] Adapted from The Court's Instructions of Law to the Jury in *United States v. Pinto-Thomaz*, 1:18-CR-579-JSR (S.D.N.Y. April 26, 2019), ECF No. 139 at 23-24; *Margulies*, 1:17-CR-638-JSR, ECF No. 203 at 113; *Block*, No. 1:16-CR-595-JPO (S.D.N.Y. June 29, 2017).

Venue is proven if any act in furtherance of the crime you are considering occurred in the Southern District of New York, regardless of whether it was the act of the defendants or anyone else.  With respect to the conspiracy charge, that means the government must prove that one of the conspirators, not necessarily either of the defendants, but any of the parties involved in the conspiracy knowingly committed at least one overt act in the Southern District of New York in furtherance of the conspiracy during the life of a conspiracy.

Furthermore, on the issue of venue, and on this issue alone, the government can meet its burden by a preponderance of the evidence, that is, by showing that it is more likely than not that the act occurred in the Southern District of New York.

III.    **CONCLUDING INSTRUCTIONS**[35]

**REQUEST A. SELECTION OF FOREPERSON; RIGHT TO SEE EXHIBITS
AND HEAR TESTIMONY; COMMUNICATIONS WITH COURT**

You will shortly retire to the jury room to begin your deliberations.  As soon as you get to the jury room, please select one of your number as the foreperson, to preside over your deliberations and to serve as your spokesperson if you need to communicate with the Court.

You will be bringing with you into the jury room a copy of my instructions of law, and a verdict form.  Let me pause here and show you the verdict form.  It is this very simple, one-page document, and it asks you, as to each count, to either check the box "guilty" or "not guilty."  The counts go in the same order that they were in the instructions, which is different than the order of the indictment.  So we have, first, the securities fraud count and then the conspiracy count.

After you have reached a verdict, if you do, and have filled out the verdict form, your foreperson will sign it and date it, and it will then be sealed by your foreperson in this envelope marked "verdict."  And then it will be brought to me, and I will not open that envelope until you are all back here in the court room.  Then we will ask each one of you whether that is, in fact, your verdict.  The reason we go through all those technicalities is to make sure we have your verdict exactly as you decided.

In addition, we will send into the jury room all of the exhibits that were admitted into evidence.  This will include any audio and video recordings and a device to play them, as well as the transcripts of the recordings.  Please remember that the transcripts of the recordings are just an aid, and it is the recordings themselves that are in evidence.  If you want any of the testimony provided, that can also be done, either in transcript or read-back form.  But please remember that

---

[35] All Concluding Instructions are adapted from The Court's Instructions of Law to the Jury in *Lumiere*, No. 1:16-CR-483-JSR, ECF No. 80 at 128-31; *Gupta,* No. 1:11-CR-907-JSR, ECF No. 102 at 22-24.

it is not always easy to locate what you might want, so be as specific as you possibly can be in requesting portions of the testimony.

Any of your requests, in fact any communication with the Court, should be made to me in writing, signed by your foreperson, and given to the Marshal, who will be available outside the jury room throughout your deliberations. After consulting with counsel, I will respond to any question or request you have as promptly as possible, either in writing or by having you return to the courtroom so that I can speak with you in person.

## REQUEST B. VERDICT; NEED FOR UNANIMITY; DUTY TO CONSULT

You should not, however, tell me or anyone else how the jury stands on any issue until you have reached your verdict and recorded it on your verdict form. As I have already explained, the government, to prevail on a given charge against the defendants, must prove each essential element of that charge beyond a reasonable doubt. If the government carries this burden with respect to a defendant, you should find that defendant guilty of that charge. Otherwise, you must find that defendant not guilty of that charge.

Each of you must decide the case for yourself, after discussing the evidence in the case with your fellow jurors, and your verdict must be unanimous. In deliberating, bear in mind that while each juror is entitled to his or her opinion, each should exchange views with his or her fellow jurors. That is the very purpose of jury deliberation; to discuss and consider the evidence; to listen to the arguments of fellow jurors; to present your individual views; to consult with one another; and to reach a verdict based solely and wholly on the evidence.

If, after carefully considering all the evidence and the arguments of your fellow jurors, you entertain a conscientious view that differs from the others, you are not to yield your view simply because you are outnumbered. On the other hand, you should not hesitate to change an opinion which, after discussion with your fellow jurors, now appears to you erroneous.

In short, your verdict must reflect your individual views and must also be unanimous.  This completes my instructions of law.

Dated:  October 19, 2020                                    Respectfully submitted,


<u>/s/ Amanda N. Tuminelli</u>                                  <u>/s/ William D. Weinreb</u>
Eric B. Bruce                                              William D. Weinreb
Jennifer B. Loeb                                           Michael T. Packard
Altin H. Sila                                              Quinn Emanuel Urquhart & Sullivan, LLP
Freshfields Bruckhaus Deringer US LLP                      111 Huntington Ave., Suite 520
700 13th Street, NW                                        Boston, MA 02199
10th Floor                                                 Telephone:  (617) 712-7100
Washington, DC 20005                                       Email: billweinreb@quinnemanuel.com
Telephone: (202) 777-4500                                  Email: michaelpackard@quinnemanuel.com
Email: Eric.Bruce@freshfields.com
Email: Jennifer.Loeb@freshfields.com
Email: Altin.Sila@freshfields.com                          William A. Burck
                                                           Daniel Koffmann
                                                           Quinn Emanuel Urquhart & Sullivan, LLP
Matthew I. Menchel                                         51 Madison Avenue, 22nd Floor
Amanda N. Tuminelli                                        New York, NY 10010
Kobre & Kim LLP                                            Telephone: (212) 849-7000
800 Third Avenue                                           Email: williamburck@quinnemanuel.com
6th Floor                                                  Email: danielkoffmann@quinnemanuel.com
New York, NY 10022
Telephone:  (212) 488-1200
Email: matthew.menchel@kobrekim.com                        *Attorneys for William Taylor*
Email: amanda.tuminelli@kobrekim.com


*Attorneys for Parker H. Petit*