# EXHIBIT 6

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            16 Cr. 483 (JSR)


STEFAN LUMIERE,
                                          Sentence
                Defendant.
------------------------------x

                                          New York, N.Y.
                                          June 14, 2017
                                          9:40 a.m.


Before:

                   HON. JED S. RAKOFF,

                                          District Judge

                        APPEARANCES

JOON H. KIM
     Acting United States Attorney for the
     Southern District of New York
IAN McGINLEY
DAMIAN WILLIAMS
     Assistant United States Attorney

JONATHAN HALPERN
JONATHAN FRIEDMAN
     Attorneys for Defendant
```

1         (Case called)
2         THE COURT:  Good morning.  All right.  So the parties
3   have stipulated to a gain amount.  This is a stipulation "for
4   sentencing purposes only," whatever that may mean.  That a
5   reasonable estimate of the gains resulting from the fraud is
6   between 1.5 million and 3.1 million.  I've reviewed that
7   calculation and the basis for it.  I find that it is a
8   reasonable calculation.  The government also still asserts the
9   possibility of a loss, a larger loss calculation.  I've
10  reviewed that calculation, and I don't find it sufficiently
11  adequately supported to adopt.  So I will adopt the gain
12  calculation, which means that to the base offense level of
13  seven, there is added an enhancement of 16 points.  The parties
14  still disagree as to the other enhancements, the two-point
15  enhancement for ten or more victims and the four-point
16  enhancement for associations with an investment adviser.
17        I'm persuaded by the government's arguments, and so I
18  will add those two enhancements for a total offense level of
19  29, for a guideline range of 87 to 108 months in prison.
20  However, if I did not add those enhancements and adopted the
21  defense position, the total offense level would be 23, and the
22  guideline range would be 46 to 57 months.  Excuse me.  Sit
23  down, counsel.  And my sentence, which is going to be below
24  either of the guideline ranges, would be exactly the same
25  whether those enhancements were added or not.  They are totally

1          THE COURT:  Well, the main issue in white-collar cases
2     is often general deterrence, and there is a body of literature
3     largely ignored by the sentencing commission but which suggests
4     that, on the one hand, heavy sentences do not serve added
5     deterrent effect in white-collar cases, but that, on the other
6     hand, some meaningful prison time does serve a major deterring
7     effect in white-collar cases because it sends the message to
8     others similarly situated that you can't buy your way out of
9     this.
10          MR. HALPERN:  I understand that's a factor.
11    Certainly, that's to be considered, along with the seriousness
12    of the offense and other objectives.  Under these really
13    extraordinary circumstances for Mr. Lumiere personally,
14    individually, those other factors that make some reference to
15    that, when your Honor considers that, whatever punishment your
16    Honor imposes is going to be disproportionately harsh because
17    of the circumstances Mr. Lumiere finds himself in as outlined
18    in the PSR, including paragraphs 119 and 120.
19          THE COURT:  Based on my own assessment of some of the
20    materials you presented in that regard, I think one could
21    quibble here or there.  I essentially accept the basic picture
22    that's been portrayed there.  So I don't think we need to get
23    into that in great detail, unless you want to.  So I understand
24    the argument that you're making there.
25          MR. HALPERN:  I would just say he is, because of those

1  will be suspended based on the Court's determination that he
2  poses a low risk of future substance abuse.
3          There will also be imposed the standard conditions of
4  supervision 1 through 13.  They appear on the face of the
5  judgment and will be gone over with the defendant by the
6  probation officer when he reports to begin his period of
7  supervised release, which he must do within 72 hours of his
8  release from prison, and he will be supervised by the district
9  of his residence.  There are other special conditions
10 recommended by the probation office, but I don't think they're
11 necessary.  Finally, there's a special assessment of $300 which
12 is mandatory and must be paid.
13         Now, before I advise the defendant of his right of
14 appeal, anything else that counsel wants to raise for the
15 Court?  First, anything from the government?
16         MR. McGINLEY:  No, your Honor.
17         THE COURT:  Anything from the defense?
18         MR. HALPERN:  I'm sorry, your Honor, respectfully, if
19 I just may be heard with respect to restitution, and I
20 apologize to your Honor if I misheard.  I had thought your
21 Honor was saying earlier in response to my inquiry there was
22 going to be zero restitution.  It's also, I would respectfully
23 submit, not applicable here because of gain and not actual loss
24 and identifiable victims.  So --
25         THE COURT:  No, that's not a frivolous position.

1     What's the government's position?
2            MR. McGINLEY:  Your Honor, I think, just to be safe,
3     the government would forgo the restitution.
4            THE COURT:  So no --
5            MR. McGINLEY:  If I just --
6            THE COURT:  Not impose the restitution.
7            MR. McGINLEY:  And if I just may, just for the record,
8     because sometimes these proceedings wind up in other
9     proceedings, the government does not concede that there was no
10    actual loss to these victims, but it has not been finally
11    determined.
12           THE COURT:  The government's position, as was very
13    eloquently put forth in its many submissions, was that there
14    was huge loss, but I have not been persuaded that the
15    methodology is sufficiently accurate to permit that
16    calculation, but the government fully maintains its rights.
17    And with respect to forfeiture, I understand the government, if
18    not in this case but certainly in some cases, is going to try
19    to narrow *Honeycutt*, and all your rights are preserved.  So
20    we'll just leave it with the fine so far as the financial
21    aspects of this sentence are concerned.
22           Anything else?
23           MR. HALPERN:  Yes, your Honor, if I may, two things --
24    three things.  First thing, if I may, in terms of reporting
25    recommendation, if I could request your Honor, understanding